THE STATE, EX REL. FOX, v. BOARD OF EDUCATION, CITY OF SPRINGFIELD, OHIO.

(No. 636—Decided December 19, 1966.)

*Mr. Richard P. Faulkner*, for relator.
*Messrs. Cole, Cole & Harmon*, for respondent.

KERNS, J.   The relator, Layne Reiger Fox, has invoked the original jurisdiction of this court to obtain a writ of mandamus to require the respondent, Board of Education of Springfield, to employ her as a guidance counselor.

Relator has been in the Springfield City School System for

eleven years, where she has a continuing contract as a teacher.

During the school years 1960-61, 1961-62 and 1962-63, the relator received the regular notices appointing her to the position of teacher at a stipulated salary, and each of these notices contained a further stipulation that she would receive a supplemental salary in given amounts for additional duties as a part-time guidance counselor. See Section 3319.08, Revised Code.

During the school years 1963-64 and 1964-65, the relator received and approved similar notices, but during this period she devoted full time to her duties as a guidance counselor.

On May 26, 1965, relator was notified orally by the Superintendent of Schools, Paul G. Gunnett, that she was being returned to her classroom teaching duties.

Thereafter, she received the usual notice as to teachers' salaries for the 1965-66 school year. She signed and returned the notice to the respondent board, and during the 1965-66 school year performed her duties as a classroom teacher.

This case does not directly involve any question of salary. The precise issue rather, as disclosed by the prayer of the petition, is whether the relator has a clear legal right to resume her employment as a guidance counselor.

The relator contends that she acquired "limited contract" status as a guidance counselor while actually employed under her written "continuing contract" as a teacher.

In claiming this dual status while performing under the same contract, the relator, Mrs. Fox, apparently envisions some categorical distinction between "guidance counselors" and "teachers" which is not discernible from applicable statutes.

Relator admits that she performed no administrative duties, and, manifestly, she is not a "nonteaching employee." Chapter 3319 makes provision for only one other group— "teachers." By statutory definition, guidance counselors are "teachers" (Section 3319.09, Revised Code), and the certificates issued to guidance counselors are "teaching certificates" (Section 3319.22, Revised Code).

Hence, the rights of the relator stem exclusively from her position as a teacher rather than from her assignment as a counselor, and the facts fail to disclose that she was denied any benefits due her as a teacher.

On the contrary, during each year of tenure, she has had a written contract in accordance with statutory requirements. Each year she accepted the written contract, signed it, entered upon and performed under the terms of the contract, and accepted the payment for her services as prescribed therein.

At no time did the respondent board employ the relator under a limited contract for counseling duties, and at no time did the relator request or claim that she was entitled to a limited contract. Indeed, the intent evidenced by all the acts of the parties to the written contract suggests, at least, that the unwritten "limited contract" status presently claimed by the relator is but the imaginative product of a belated statutory search for relief from the classroom.

The position occupied by the relator in this case appears vulnerable for still another reason. She obviously could not comply with her written contractual obligation "to teach" while at the same time performing under an independent, unwritten, and limited contract to counsel. Performance under one necessarily precludes any possibility of performance under the other. And the relator, having accepted the benefits and protection afforded by the continuing written contract, must be presumed to have waived her asserted right to any independent and preferential status under the alleged unwritten contract.

In essence, the relator urges that she acquired a vested right to perform exclusively as a guidance counselor while under contract with the respondent as a teacher.

After reviewing applicable statutes in the light of the facts of this case, we perceive no clear legal right to the relief sought herein.

Accordingly, the prayer for a writ of mandamus is denied.

*Writ denied.*

SHERER, P. J., and CRAWFORD, J., concur.