KROLOPP, APPELLEE, v. SOUTH RANGE LOCAL SCHOOL DISTRICT
BD. OF EDUCATION, APPELLANT.

[Cite as Krolopp v. Bd. of Education (1974),
47 Ohio App. 2d 208.]

(No. 74 C. A. 85—Decided December 11, 1974.)

Messrs. Green, Schiavoni, Murphy & Haines, Mr. Anthony P. Sgambati, II, and Mr. Barry Laine, for appellee.
Messrs. Henderson, Covington, Stein, Donchess & Messenger, and Mr. Christopher J. Newman, for appellant.

LYNCH, P. J.  Defendant, appellant herein, is appealing the decision of the trial court holding that plaintiff is entitled to a continuing contract as a teacher with defendant board of education, pursuant to R. C. 3319.11.  The facts are not in dispute and have been stipulated by both parties.

Plaintiff has been employed in Ohio public schools for twelve years and holds an eight year professional elementary teaching certificate dated September 1, 1966, as

well as a provisional pupil personnel certificate since September 1965. He does not possess a professional pupil personnel certificate.

For six years plaintiff was employed as an elementary classroom teacher by the Austintown Local School District Board of Education, who issued him a continuing teacher's contract in 1966. For the 1968-1969 school year, plaintiff was employed as a high school guidance counselor by the North Lima School District which merged into the South Range School in 1969. From 1969 through the school year 1973-1974, plaintiff was employed as a guidance counselor for grades five through eight under three separate limited teacher's contracts from the South Range Local School District.

Plaintiff obtained a Master's Degree in counseling in June 1965, and this was one of the requirements for the issuance of the provisional pupil personnel certificate. Additional requirements are necessary for the obtaining of a professional certificate for pupil personnel. A provisional pupil personnel certificate is required in order to perform in the field as a guidance counselor..

On or before April 29, 1974, defendant notified plaintiff in writing of its intention not to re-employ him for the 1974-1975 school year. Defendant's only assignment of error is that the trial court erred as a matter of law in ruling that plaintiff is entitled to a continuing contract with the defendant board of education.

Regulation EDb-301-11.01(B), which governs teacher education and certification, provides that a provisional pupil personnel certificate can only be issued to a person holding a standard teaching certificate valid for teaching in Ohio. We hold that a guidance counselor in the public school system is a "teacher" within the meaning of R. C. 3319.09 (A) and is entitled to a continuing service contract. The certificates issued to guidance counselors are teachers' certificates within the meaning of R. C. 3319.22 (K). *State, ex rel. Fox,* v. *Bd. of Education* (1966), 11 Ohio App. 2d 214; Ohio Atty. Gen. Op. 73-044.

In the instant case, all three limited teacher's con-

tracts given by defendant to plaintiff hired him "to teach in the public schools of said district." None of the contracts mentioned anything about plaintiff being employed as a guidance counselor.

R. C. 3319.08 provides that a continuing contract shall be granted only to teachers holding professional, permanent or life certificates. R. C. 3319.11 provides that teachers who have attained continuing contract status elsewhere are eligible for continuing service status in any school district after having served two years in the district.

The first paragraph of the syllabus of *State, ex rel. Gandy,* v. *Bd. of Education* (1971), 26 Ohio St. 2d 115, reads as follows:

"Where a public school teacher who is 'eligible for continuing service status' under the provisions of R. C. 3319.11 is unqualifiedly reemployed in the field for which he has a professional teaching certificate, he is entitled to a continuing contract."

In the instant case, plaintiff was unqualifiedly reemployed under a limited teaching contract in 1971, after having served two years in defendant's school district. The Teachers' Tenure Law should be liberally construed in favor of the teachers who constitute the class designated to be its primary beneficiaries. *State, ex rel. Thurston,* v. *Bd. of Education* (1942), 140 Ohio St. 512, 514; *State, ex rel. Bishop,* v. *Bd. of Education* (1942), 139 Ohio St. 427, 439.

Defendant contends that plaintiff was hired as a guidance counselor rather than as an elementary classroom teacher and that plaintiff could not qualify for a continuing contract under his provisional pupil personnel certificate. We agree that plaintiff could not qualify for a continuing contract if his provisional pupil personnel certificate was the only teaching certificate held by plaintiff that can be considered. However, we hold that plaintiff's provisional pupil personnel certificate cannot be separated from his professional elementary teaching certificate because in order for plaintiff to have the pupil personnel certificate he had to have the elementary teaching certificate.

We agree with the trial court that plaintiff is entitled to a continuing contract with defendant as a teacher pur-

suant to R. C. 3319.11 because of plaintiff's professional elementary teaching certificate. This does not mean that plaintiff is entitled to continued employment as a guidance counselor. R. C. 3319.01 provides that the superintendent of schools has the authority to assign plaintiff to a teaching position.

*Judgment affirmed.*

DONOFRIO and O'NEILL, JJ., concur.