SILAVENT, APPELLANT, *v.* BUCKEYE CENTRAL LOCAL SCHOOL DISTRICT BOARD OF EDUCATION ET AL., APPELLEES.

(No. 3-83-25 — Decided May 31, 1985.)

*Cloppert, Portman, Sauter & Latanick, Frederick G. Cloppert, Jr.,* and *Susanne R. Blatt,* for appellant.

*Means, Bichimer, Burkholder & Baker Co., L.P.A., John C. Burkholder* and *Kimball H. Carey,* for appellees.

MILLER, J. This is an appeal from a judgment of the Court of Common Pleas of Crawford County dismissing plaintiff's complaint.

Plaintiff, Jason Silavent, brought his action against the defendants, Buckeye Central Local School District Board of Education, and Gregory P. Taylor, superintendent of that school district, seeking a declaratory judgment, injunction, specific performance, damages, attorney fees and costs.

The facts were stipulated and indicate that plaintiff was employed on a continuing contract as guidance counselor in 1977 by Buckeye Central Board of Education and, for eleven years, had served as a guidance counselor.

The minutes of the board in 1977 indicate that the board acted "to employ Jason Silavent on a continuing contract, beginning 1977-78 year and a salary for that year to be $14,370.60 for 9 months." Plaintiff's contract read "to be Guidance Counselor" and "Guidance Counselor for 9-months duties."

Plaintiff holds a permanent certificate in history and government, sociology and reading in high school grades, a professional certificate in reading in elementary grades and, effective July 1, 1981, a permanent certificate as a school counselor.

On April 15, 1983, the superintendent of the school district directed a letter to plaintiff stating that "[e]ffective with the start of the 1983-84 school year you will be reassigned to a reading teacher position for which you hold a valid certificate with responsibilities in testing as Director of Testing for a nine (9) month period of time."

The trial court dismissed plaintiff's complaint, reasoning that R.C. 3319.01 indicates that the superintendent shall direct and assign teachers and other employees under his supervision.

Plaintiff appeals, setting forth two assignments of error:

"1. The trial court erred when it concluded that appellant, holding a continuing contract as a guidance counse-

lor, could be assigned to a position as reading instructor.

"2. The trial court erred when it concluded that sections 3319.07 and 3319.11, O.R.C., giving the Board of Education, and not the superintendent, the ultimate responsibility and decision-making authority in all employment matters, did not govern the disposition of this case."

Plaintiff contends that he had a contractual right to a position as guidance counselor and that he could not be assigned as a reading instructor. He relies on *Beatley* v. *Bd. of Edn.* (Nov. 16, 1979), Logan App. No. 8-79-2, unreported.

This case does not involve the issue of plaintiff's eligibility for a continuing contract as he has possessed a continuing contract since 1977. What is involved is the issue of the assignment of a teacher who has a continuing contract to a field of instruction other than his present field, the teacher being certified to teach in either field.

Defendants rely, in part, on that part of R.C. 3319.01 prescribing the duty of the superintendent of a school district to "direct and assign teachers and other employees of the schools under his supervision * * *."

By statutory definition, guidance counselors are "teachers" (R.C. 3319.09), and the certificates issued to guidance counselors are "teaching certificates" (R.C. 3319.22). See *State, ex rel. Fox,* v. *Bd. of Edn.* (1966), 11 Ohio App. 2d 214 [40 O.O.2d 376]; *Krolopp* v. *Bd. of Edn.* (1974), 47 Ohio App. 2d 208 [1 O.O.3d 282].

In *Beatley, supra,* a teacher who held separate and distinct professional teaching certificates both as a guidance counselor and elementary classroom teacher was reassigned from her position as counselor, which she held pursuant to a continuing contract, to a position as elementary teacher. This court, in reversing the trial court's denial of the plaintiff's claim that she could only be assigned as a guidance counselor, stated:

"* * * [I]n the event that we decide that the plaintiff's continuing contract had reference to only one of the two professional teaching certificates which she held and not to both and, accordingly, that the superintendent would not, in any event, have authority to assign the plaintiff to teaching under the certificate to which the contract did not refer, then we really are not concerned with whether such superintendent's general authority to assign a school teacher includes teaching fields as well as locations.

"* * *

"* * * [T]he employment contract must relate to an educational position for which certification is required and exists and the employment does not relate solely to the generic term, 'teacher.' This is buttressed by the provisions of R.C. 3319.17 showing an intent by the legislature that teachers be related to and have priority to remain employed within 'teaching fields.'

"* * *

"It follows from the statutes and from the foregoing observations that when a teacher is re-employed on a continuing contract such continuing contract must have relation to the teaching field contemplated by such employment and to which the teacher holds proper certification, and the contract has no relation to another field, though proper certification exists, to which the employment does not relate. * * *

"* * *

"* * * In these circumstances no one has, or had, the authority to assign the plaintiff to duties as an elementary teacher."

In the instant case the circumstances are similar. As was noted above, plaintiff, in 1977, attained continuing contract status pursuant to a continuing contract which set forth that he perform

as a guidance counselor. Thus, the continuing contract plaintiff entered into with defendants related to the field of counseling, for which plaintiff became certified. From the contract itself, it is evident that plaintiff's employment did not relate solely to the generic term "teacher."

Although plaintiff was certified in other areas, the *Beatley* case would require the defendants, having chosen not to discontinue plaintiff's contract, to continue his status as counselor.

Defendants point out that the minutes of the board from April 1977 contain nothing about giving plaintiff continuing contract status as a counselor. However, the face of the contract indicates that plaintiff was to serve as guidance counselor and that such an assignment was within the scope of his contractual status.

In *Beatley,* we also stated:

"* * * [W]ritten contracts are in a large part merely memorializations of the contractual status which has been arrived at as a matter of law from the happening of certain events such as the passage of time, teaching under other contracts, proper certification, proper recommendation, acceptance or rejection of the recommendation, and the acceptance or rejection of the tender of a contract. * * * [I]f the written contract is silent or ambiguous as to the existence of matters essential to or within the scope of the contractual status such matters may be sought elsewhere * * *."

Not only is the written contract in the case *sub judice not* silent or ambiguous as to the teaching field contemplated, but the facts remain that plaintiff had served as guidance counselor since 1977 under the continuing contract and was properly certified as a counselor since 1981, from which time the contractual status continued, never having been rejected by either defendants or plaintiff until 1983.

Defendants rely on cases such as *State, ex rel. Voss,* v. *Bd. of Edn.* (1981), 66 Ohio St. 2d 274 [20 O.O.3d 267]; *Woodrum* v. *Bd. of Edn.* (1981), 66 Ohio St. 2d 284 [20 O.O.3d 273]; and *State, ex rel. Peet,* v. *Bd. of Edn.* (1981), 66 Ohio St. 2d 287 [20 O.O.3d 275], for the proposition that no link can exist between a continuing contract of a teacher and the specific fields to which the teacher is assigned. Those cases are distinguishable on their facts and involve the issue of eligibility for a continuing contract, which is not an issue here.

For the reasons discussed, plaintiff's first assignment of error is well-taken.

In his second assignment of error, plaintiff contends that the board of education, and not the superintendent, has the ultimate employment authority as it relates to plaintiff.

Having decided under the first assignment of error above that plaintiff's continuing contract had reference to only one of several teaching certificates, *i.e.,* guidance counselor, the superintendent would have no authority to assign the plaintiff to a teaching field under the certificates to which the contract did not refer.

As in the *Beatley* case, *supra,* under the circumstances here, no one had the authority to assign the plaintiff to duties as a reading instructor.

Plaintiff's second assignment of error is, therefore, well-taken insofar as it relates to the trial court's determination that plaintiff may be assigned by the superintendent to any position in which he was certified to teach.

Accordingly, the judgment of the trial court is reversed.

*Judgment reversed.*

GUERNSEY, P.J. and COLE, J., concur.