THE STATE, EX REL. GANDY, APPELLEE, *v.* BOARD OF EDUCATION, CONTINENTAL LOCAL SCHOOL DISTRICT, APPELLANT.

[Cite as State, ex rel. Gandy, v. Bd. of Edn. (1971), 26 Ohio St. 2d 115.]

(No. 70-516—Decided May 5, 1971.)

116

*Messrs. Weaner, Hutchinson & Zimmerman* and *Mr. Roger V. Bacon,* for appellee.

*Mr. Henry P. Mittelkamp,* prosecuting attorney, *Means, Bichimer & Burkholder Co., L. P. A.,* and *Mr. Robert T. Baker,* for appellant.

CORRIGAN, J. The unarguable facts are that relator was a teacher and/or guidance counselor in the employ of respondent from 1961-62 under provisional or professional teaching certificates and under a provisional pupil-personnel service certificate, all under succeeding contracts.

Relator's original provisional certificate for course work was renewed for four years, effective September 1, 1963, and this certificate was converted to a professional certificate for a period of eight years, effective September 1, 1964. On September 1, 1965, relator received a provisional four-year certificate for pupil-personnel service, effective September 1, 1965. When last reemployed in April 1969, relator held a professional certificate and had taught at least three years in respondent's school district. At that time he was unqualifiedly reemployed.

Relator testified by deposition that around the 1st of October 1964 he filed a copy of his professional certification, which became effective September 1, 1964, with the then local superintendent of schools, at which time the local secretary made two copies of this document, one to be kept by the local superintendent and one to be sent to the county superintendent's office. Both of these present officials disclaim knowledge of this certificate being filed at that time. Nonetheless, presently there are record cards in the office of each official signed by relator in the fall of 1965, 1966, 1967 and 1968 indicating that relator held a secondary professional certificate issued on September 1, 1964, and a pupil-personnel service provisional certificate received on September 1, 1965.

Relator alleges in his petition that he was entitled to a continuing contract, effective for the 1969-1970 school year. This is denied by the respondent on the basis that relator did not file a valid professional certificate with the county superintendent of schools and that the record cards which tend to support an actual filing of such certificate do not constitute notice of relator's eligibility for a continuing contract of employment pursuant to the provisions of R. C. 3319.08 and 3319.11.

Our first inquiry, accordingly, is directed to R. C. 3319.11 and whether it provides for a particular form of notice that a teacher has met the eligibility requirement for continuing contract status. We fail to find any such requirement in that statute or in any other statute.

The second question for determination is whether a teacher who is eligible for a continuing contract is, upon being unqualifiedly reemployed, entitled to a continuing contract.

As pointed out in the opinion of Guernsey, J., in the Court of Appeals, the crucial point of time in this case is April 1969, when relator was being considered for reemployment for the 1969-1970 school year. That opinion goes on to observe:

"* * * At that time it would appear that the four year

provisional high school certificate which was effective September 1, 1963, of which the county superintendent and the local superintendent admit they then had knowledge, had already expired on September 1, 1967, at the latest. At that time it would also appear that the four year provisional pupil personnel certificate which was effective September 1, 1965, would expire August 31, 1969, and would not be available for the 1969-1970 school year. It was thus impossible for the relator to be reemployed unless another certificate was available, and, as it was contemplated that he would not be reemployed for guidance but for course work only, it was necessary that the available certificate would have to be for such course work.

"In fact, relator at that time possessed a professional certificate, and only a professional certificate, for such high school course work, and no certificate to qualify him for any other work during the 1969-1970 school year, and within the preceding five years had taught at least three years in the Continental Local School District. He was thus, under the provisions of the first paragraph of Section 3319.11, Revised Code, 'eligible for continuing service status' in the school district when reemployed in the field for which he had such professional certificate."

We agree with and adopt the foregoing language and conclusions of the Court of Appeals.

For the reasons stated therein the judgment of the Court of Appeals is affirmed.

*Judgment affirmed.*

O'NEILL, C. J., SCHNEIDER, HERBERT, DUNCAN, STERN and LEACH, JJ., concur.