WIEGING, APPELLANT, *v.* JENNINGS LOCAL SCHOOL BOARD OF EDUCATION ET AL., APPELLEES.

[Cite as Wieging v. Bd of Education (1977), 55 Ohio App. 2d 110.]

(No. 12-76-10—Decided June 10, 1977.)

*Messrs. Leopold & Leopold,* for appellant.

*Messrs. Means, Bichimer, Burkholder & Baker Co., L. P. A., Mr. Nicholas A. Pittner,* and *Messrs. Schroeder & Schroeder,* for appellees.

GUERNSEY, J. Plaintiff, Harold Weiging, filed his complaint in the Court of Common Pleas of Putnam County against defendant board of education, the individual members and clerk thereof, and the superintendent of the "Jennings Local School System." Plaintiff sought a writ of mandamus directed to the defendants to cause them "to immediately comply with the mandatory section of 3319.16 of the Ohio Revised Code, and to state the grounds for termination or show cause why they should not be compelled to do so," sought to have the court find the actions of the defendants in violation of R. C. 3319.02, 3319.08, 3319.-09 and 3319.16 and to restore the plaintiff's "job to him," and sought compensatory and exemplary damages in the total amount of $300,000.

The action in mandamus, though not properly brought

on the relation of the state of Ohio (*Maloney* v. *Ct. of Common Pleas* [1962], 173 Ohio St. 226) involves the right, if any, of plaintiff to a continuing contract with the defendant board of education. An alternative writ to show cause why the plaintiff should not receive the relief sought was issued whereupon the defendants also moved to have the complaint dismissed as not stating a claim upon which relief can be granted.

Hearing was had on August 23, 1976, on both the alternative writ and on the motion to dismiss and evidence was adduced disclosing that prior to September 1, 1969, plaintiff had been employed since 1961 by defendant board by a series of limited contracts as a high school commercial subjects teacher for which he held only provisional teaching certificates until September 1, 1968, when he received a professional high school certificate for the subjects of "Bookkeeping—Basic Business, Typing." This certificate having expired as of September 1, 1976, the plaintiff testified, "I now hold a permanent one." The record then discloses that at some time in 1969, though plaintiff would have been qualified to receive a continuing contract had he been re-employed to teach such certified high school subjects, he was instead voluntarily re-employed under a limited contract for five years "beginning September 1, 1969" "as the Principal of the high school building, and guidance counseler [*sic*]." Subsequently, again voluntarily, plaintiff received at some time during 1974 another limited contract for a period of two years "beginning September 1, 1974" "as the Principal of the High School Building and as a guidance Counselor." It appears that he has a provisional renewal certificate valid for four years from September 1, 1974, in "pupil personnel" "school counselor" but has no professional or permanent certificate as a principal or guidance counselor. He also claims a provisional "Local Superintendent's * * * High School Principal" certificate. Although the amount of time devoted thereto and the authority therefor is in dispute it appears that since September 1, 1969, the plaintiff has also by his own assignment as principal

either at or without the direction of the superintendent of schools taught some typing classes, but neither of the limited contracts he has held since that date have provided for such teaching. Teacher's record cards covering from 1968 to 1976 do not show any claim by plaintiff to teaching typing until the 1972-1973 school year.

On April 26, 1976, the board voted not to renew plaintiff's employment and he was notified accordingly in writing by the president and by the clerk by letter dated and received by him on April 27, 1976. The record does not reflect that plaintiff has ever been recommended for a continuing contract of employment by either the local superintendent or by the county superintendent involved.

On this state of the record the trial court, rendering a well reasoned opinion, found the plaintiff not entitled to a continuing contract of employment, further found that the complaint failed to state a claim upon which relief may be granted, and dismissed same at plaintiff's costs. Plaintiff appeals asserting error of the trial court (1) in holding that plaintiff was not entitled to a continuing contract as a teacher under R. C 3319.11 as of September, 1969, and (2) in not finding that plaintiff was a full time teacher.

The apparent essence of plaintiff's argument under the first assignment of error is that in 1969, when the matter of plaintiff's re-employment was under consideration, plaintiff was the holder of a professional teaching certificate, had taught within the last five years for at least three years in the district (for that matter had taught some eight years in the district) and the board not giving him written notice of its action on the superintendent's recommendation to re-employ him on a limited contract for two years, plaintiff became by operation of the following provisions of the second paragraph of R. C. 3319.11 reemployed under a continuing contract:

"Upon the recommendation of the superintendent that a teacher eligible for continung service status be re-employed, a continuing contract shall be entered into between the board and such teacher unless the board * * * rejects the

recommendation of the superintendent. The superintendent may recommend re-employment of such teacher * * * under a limited contract for not to exceed two years * * *. If the board of education does not give such teacher written notice of its action on the superintendent's recommendation of a limited contract for not to exceed two years before the thirtieth day of April, said teacher is deemed re-employed under a continuing contract at the same salary plus any increment provided by the salary schedule. * * * ''

Obviously the problem here is compounded by the fact that the record does not show whether in 1969 there was or was not a recommendation by the superintendent that the plaintiff be re-employed under a two year limited contract. By some negotiations, not in the record, the plaintiff was re-employed, not as a high school commercial teacher of subjects in which he held professional certification, but re-employed as high school principal and as guidance counselor, in which he held or obtained only provisional certification.

R. C. 3319.02, in its form effective in 1969, provided for the appointment by a board of education of principals for all high schools and it seems to be conceded by the parties, or at least not claimed otherwise by the plaintiff, that one employed in such administrative capacity is not entitled to tenure based only on such appointment. See also State, ex rel. Saltsman, v. Burton (1952), 156 Ohio St. 537. In its form which thereafter became effective in 1973 R. C. 3319.02 provides that in "the case of * * * principals * * * in local school districts employment shall be * * * in accordance with nominations of the superintendent of schools of the county districts of which the local district is a part."

Plaintiff claims, in effect, that notwithstanding that he could not receive tenure as a principal, he became entitled to a continuing contract because he was professionally certified as a teacher and was teaching as guidance counselor, or, if the fact that he was only provisionally certified as a guidance counselor foreclosed his receiving a continuing contract, then he was professionally certified as

a typing teacher and was assigned as a typing teacher. The basic issue then becomes whether a person who would be qualified for a continuing contract in the field which he is professionally certified if re-employed in that field is likewise entitled to a continuing contract if re-employed in a field where he is only provisionally certified and/or assigned to teach part time in one of the fields where he is professionally certified?

R. C. 3319.22, *et seq.*, prescribe the certification of teachers by certificates of various grades and of various types. R. C. 3319.30 prohibits compensation to anyone "for the performance of duties as teacher * * * who has not obtained a certificate of qualification *for the position.*" (Emphasis added.) R. C. 3319.11 makes eligible for continuing service status those teachers qualified as to length of service in the school district who are also "qualified as to certification." R. C. 3319.08 prescribes that a continuing contract "which shall remain in effect until the teacher resigns, elects to retire, or is retired * * * or until it is terminated or suspended" "shall be granted only to teachers holding professional, permanent, or life certificates."

It is our conclusion that a teacher qualified as to certification and qualified as to length of service in the school district, shall be eligible to receive a continuing service contract to teach only in the area in which that teacher posses-es a professional, permanent or life certificate, and that when that teacher becomes voluntarily employed in a teaching field other than that in which he or she holds such a certificate, she or he waives entitlement to a continuing contract either until re-employed in the field for which such certificate is held or until so certified in the field in which he or she has become voluntarily employed. Compare *State, ex rel. Gandy,* v. *Bd. of Edn.* (1971), 26 Ohio St. 2d 115; *Majoewsky* v. *Indian Hill Exempted Village School Dist.,* unpublished, Hamilton County Court of Appeals, No. C-74527, decided September 8, 1975, motion to certify overruled December 1975; *State, ex rel. Brubaker,* v. *Hardy* (1966), 5 Ohio St. 2d 103; and *State, ex rel. Ford,* v. *Bd. of Edn.* (1943), 141 Ohio St. 124.

We are not confronted with the issue of whether part

time teaching by the plaintiff of typing classes, a subject for which plaintiff had permanent or professional certification, qualified plaintiff for a continuing contract because at no time was the plaintiff employed by the board from and after 1969 as a typing teacher. His assignment as such, either by the superintendent or by himself as principal, did not constitute employment by the board of education.

We have examined the record as to the renewal of the limited contract in 1974 by a two year limited contract as principal and guidance counselor and find nothing therein to alter the conclusions which we have heretofore reached.

Accordingly we find the first assignment of error without merit.

As to the second assignment of error the trial court did not find in its journal entry of judgment that the plaintiff was not a full time teacher. Neither did it find that plaintiff was. Such finding was not necessary to its judgment because the essence of the case is not that plaintiff was not a full time teacher but that plaintiff was not employed as a teacher in the field in which he held a professional, permanent or life certificate. The fact that plaintiff was a principal does not, of course, preclude him from being classified as a teacher and R. C. 3319.22(F) contemplates that a high school principal's certificate shall be "valid for teaching the subjects named in such certificate or for supervision in junior or senior high schools." The plaintiff's principal's certificate was not offered into evidence and it does not appear therefore whether any teaching subjects were named therein, or, if named, that he held a professional, permanent or life certificate therefor. We find the second assignment of error without merit.

Finding no error in the particulars assigned and it appearing that the plaintiff failed to prove a clear legal duty on the part of the defendant board of education to give plaintiff a continuing contract, and thus no basis for damages existing, the judgment of the trial court must be affirmed.

*Judgment affirmed.*

MILLER, P. J., and COLE, J., concur.