274

THE STATE, EX REL. VOSS, APPELLANT, *v.*
NORTHWEST LOCAL BOARD OF EDUCATION, APPELLEE.

(No. 79-983—Decided June 3, 1981.)

*Messrs. Snyder, Rakay & Schmidt* and *Mr. Peter J. Rakay,* for appellant.

*Mr. Simon L. Leis,* prosecuting attorney, and *Mr. James W. Harper,* for appellee.

CELEBREZZE, C. J. We have stated many times that a writ of mandamus may only be issued where a court finds that the relator has a clear legal right to the relief prayed for; that respondent is under a clear legal duty to perform the requested act; and that relator has no plain and adequate remedy at law. *State, ex rel. Heller,* v. *Miller* (1980), 61 Ohio St. 2d 6.

It is abundantly clear that Voss had no right to appeal the board's decision to grant him a limited contract because the decision was not the product of a quasi-judicial procedure. See *DeLong* v. *Board of Edn.* (1973), 36 Ohio St. 2d 62. Consequently, he is without an adequate remedy at law.

R. C. 3319.11 states in part:

"Teachers eligible for continuing service status in any school district shall be those teachers qualified as to certification, who within the last five years have taught for at least three years in the district, and those teachers who, having attained continuing contract status elsewhere, have served two years in the district, but the board of education, upon the recommendation of the superintendent of schools, may at the time of employment or at any time within such two-year period, declare any of the latter teachers eligible.

"Upon the recommendation of the superintendent that a teacher eligible for continuing service status be re-employed, a continuing contract shall be entered into between the board and such teacher unless the board by a three-fourths vote of its full membership rejects the recommendation of the superintendent. The superintendent may recommend re-employment of such teacher, if continuing service status has not previously been attained elsewhere, under a limited contract for not to exceed two years, provided that written notice of the intention to make such recommendation has been given to the teacher with reasons directed at the professional improvement of the teacher on or before the thirtieth day of April, and provided that written notice from the board of education of its action on the superintendent's recommendation has been given to the teacher on or before the thirtieth day of April, but upon subsequent re-employment only a continuing contract may be entered into. If the board of education does not give such teacher written notice of its action on the superintendent's recommendation of a limited contract for not to exceed two

years before the thirtieth day of April, such teacher is deemed re-employed under a continuing contract at the same salary plus any increment provided by the salary schedule. Such teacher is presumed to have accepted employment under such continuing contract unless he notifies the board in writing to the contrary on or before the first day of June, and a continuing contract shall be executed accordingly."

R. C. 3319.08 stated at the time applicable herein:

"Contracts for the employment of teachers shall be of two types, limited contracts and continuing contracts. A limited contract for a superintendent is a contract for such term as authorized by section 3319.01 of the Revised Code, and for all other teachers for a term not to exceed five years. A continuing contract is a contract which shall remain in effect until the teacher resigns, elects to retire, or is retired pursuant to section 3307.37 of the Revised Code or until it is terminated or suspended and shall be granted only to teachers holding professional, permanent, or life certificates. This section applies only to contracts entered into after August 18, 1969." *

A person is eligible for a continuing contract under R. C. 3319.11 if he is (1) a teacher, (2) holds a professional, permanent or life certificate, and (3) has taught for at least three of the last five years in the district. A person so eligible can either be denied a contract, be issued a limited contract of up to two years if it is accompanied by written notice containing recommendations regarding professional improvement, or be granted a continuing contract.

If an unconditional limited contract is granted to a teacher

---

* Effective October 10, 1980, the General Assembly amended R. C. 3319.08. In relevant part it is the same as it was prior to that date, stating in part:

"Contracts for the employment of teachers shall be of two types, limited contracts and continuing contracts. A limited contract is:

"(A) For a superintendent, a contract for such term as authorized by section 3319.01 of the Revised Code;

"(B) For an assistant superintendent, principal, assistant principal, or other administrator, a contract for such term as authorized by section 3319.02 of the Revised Code;

"(C) For all other teachers, a contract for a term not to exceed five years.

"A continuing contract is a contract that remains in effect until the teacher resigns, elects to retire, or is retired pursuant to section 3307.37 of the Revised Code, or until it is terminated or suspended and shall be granted only to teachers holding professional, permanent, or life certificates."

qualified to receive a continuing contract, that teacher is entitled to a writ of mandamus ordering the issuance of a continuing contract. *State, ex rel. Gandy,* v. *Bd. of Edn.* (1971), 26 Ohio St. 2d 115.

R. C. 3319.09 defines the term "teacher":

"As used in sections 3319.08 to 3319.18, inclusive, of the Revised Code:

"(A) 'Teacher' means all persons certified to teach and who are employed in the public schools of this state as instructors, principals, supervisors, superintendents, or in any other educational position for which the state board of education requires certification * * *."

Appellant aptly qualifies for this designation and his work experience in occupational work adjustment constitutes teaching for three of the last five years. The General Assembly implicitly indicated that teaching was to be broadly construed by defining the term "teacher" broadly in R. C. 3319.09 and by failing to modify the term "taught" in any manner in R. C. 3319.11. In liberally defining "teacher," and implicitly the term "taught," the legislature recognized that three years of experience by a teacher in any area, including those in R. C. 3319.09(A), provides a school board with a sufficient basis to decide whether to enter into a continuing contract with a teacher in any area. Even under the broad definition of "teacher," ability to communicate and deal with students is involved and can be assessed.

This court, in *Gandy, supra,* held that any teaching experience could qualify one for continuing contract status. In that case, Gandy, a teacher, sought a continuing contract based on his teaching experience in guidance counseling. After being employed three years as a guidance counselor, an area in which he held a provisional certification, Gandy was hired under an unconditional limited contract to teach high school course work in an area in which he held a professional certificate. This court affirmed the judgment of the Court of Appeals granting Gandy a writ of mandamus which ordered the board to issue him a continuing contract in an area of course work based on his guidance counseling experience.

The issue of whether a teacher, after teaching for three of the previous five years, must hold a professional, permanent,

or life certificate in the area in which he is to teach in order to be eligible for a continuing contract was not before the court in *Gandy*. It is this issue which we decide today.

R. C. 3319.22 delineates teachers' certificates by grade and by type. The grades include provisional, professional and permanent. Types of certificates are related to specific subject areas.

R. C. 3319.30 states in part:

"Except as provided in section 3319.36 of the Revised Code, no person shall receive any compensation for the performance of duties as teacher in any school supported wholly or in part by the state or by federal funds who has not obtained a certificate of qualification for the position as provided for by section 3319.22 of the Revised Code and which certificate shall further certify to the good moral character of the holder thereof."

By failing to state in either R. C. 3319.11 or 3319.08 that teachers must have a certificate *for the position,* The General Assembly has indicated that qualification was a matter of grade and not type of certificate.

Further, in R. C. 3319.17, the General Assembly provided in part:

"When by reason of decreased enrollment of pupils, return to duty of regular teachers after leaves of absence, or by reason of suspension of schools or territorial changes affecting the district, a board of education decides that it will be necessary to reduce the number of teachers, it may make a reasonable reduction.***Teachers, whose continuing contracts are suspended, shall have the right of restoration to continuing service status in the order of seniority of service in the district if and when teaching positions become vacant or are created for which any of such teachers are or become qualified."

It is clear from this section that continuing contract status transcends professional, permanent or life certificates, giving teachers continuing contract rights in any area of certification. As a consequence, we hold that a teacher is eligible for continuing contract status pursuant to R. C. 3319.11 where he holds professional, permanent or life certificates in areas of teaching in which he is not to be employed.

Such a construction is sensible from a policy standpoint. Teachers should not be discouraged from expanding their fields of expertise or from teaching in areas of provisional certification if there is a need for such teaching in their district. If a qualifying certificate were required in the area of teaching, such practices would be discouraged.

The experience and additional education required to obtain a professional or permanent certificate will ordinarily better qualify one to teach in most areas. If a board of education determines that the experience and additional education are not transferable, it may refuse to renew the contract.

Appellant has taught for at least four years in the school district and holds a professional certificate albeit not in the same area. He was given an unconditional limited contract. Therefore, the Court of Appeals erred in denying him a writ of mandamus compelling the issuance of a continuing contract. The judgment of the Court of Appeals is reversed, and the writ is allowed.

*Judgment reversed and*
*writ allowed.*

W. BROWN, P. BROWN, LOCHER and C. BROWN, JJ., concur.

CORRIGAN and HOLMES, JJ., concur separately.

CORRIGAN, J., of the Eighth Appellate District, sitting for SWEENEY, J.

HOLMES, J., concurring.  I concur in this opinion, but do so with some hesitation. This hesitation comes about because for quite a number of years I have viewed the teacher tenure laws of the state similarly as did a number of the Courts of Appeals which have considered such laws as they relate to teacher qualification and entitlement to continuing contracts. It had been my view, and that of what appears to be a majority of our appellate courts, that an individual who possesses multiple teaching certificates, of which at least one is a professional certificate and at least one is a provisional certificate, must possess the professional certificate in the area in which he is employed in order to be tenured. Conversely, it was not my

thought that the requirement of being "qualified as to certification" could be satisfied by possessing the professional certificate in *any* teaching area, and not necessarily in the area in which the individual is employed. Accordingly, see *Majoewsky* v. *Indian Hill Exempted Village School Dist. Bd. of Edn.* (Ct. App. Hamilton Co. September 8, 1975), case No. C74-527, unreported; *State, ex rel. Tucker,* v. *Northridge Local School Dist. Bd. of Edn.* (Ct. App. Licking Co. March 29, 1979), case No. 2552, unreported (Dowd, J., dissenting); *Wieging* v. *Bd. of Education* (1977), 55 Ohio App. 2d 110; and the Court of Appeals' decision in this matter, *State, ex rel. Voss,* v. *Northwest Local Bd. of Edn.,* and the Courts of Appeals' decisions in *Woodrum* v. *Rolling Hills Bd. of Edn.,* and *State, ex rel. Peet,* v. *Westerville City School Dist. Bd. of Edn.,* both decided by this court this date.

Admittedly, there have been markedly divergent views in this area of judicial determination. A number of Courts of Appeals, reviewing the specific and related issues of teacher tenure, have determined that a teacher may combine certification in one area with service in another area in order to satisfy both the service and certification requirements of the teacher tenure laws. See, *State, ex rel. Haskins,* v. *Union Scioto Bd. of Edn.* (Ct. App. Ross Co. July 20, 1974), case No. 595, unreported; *Krolopp* v. *Bd. of Education* (1974), 47 Ohio App. 2d 208; and *Rorabaugh* v. *Grand Valley Local School Dist. Bd. of Edn.* (Ct. App. Ashtabula Co. June 26, 1978), case No. 933, unreported.

Here, there are, as in many determinations rendered by this court, policy considerations which must be reviewed in conjunction with the specific statutory requirements. In a review of such policy considerations, there can be little doubt that there has been shown reasonable support for both positions. However, it is my view that this court is now pronouncing a reasonable interpretation of these sections of law.

Those who have taken the position that a teacher may not obtain tenure unless he or she is employed within the field for which he or she has been issued a professional, permanent or life certificate primarily hold such view on the basis that tenure laws are not only for the provision of continuity to

teachers' employment, but, more importantly, insure that teachers are competent in their field of employment.

An example of this position may be found in the appellee's brief in this cause, as follows:

"The purposes of the Teacher Tenure Act or more specifically the requirement found in Section 3319.11 Ohio Revised Code that a teacher be 'qualified as to certification' before being deemed eligible for continuing service status, are not served by an interpretation of that requirement which would permit a teacher to become eligible for continuing service status by obtaining a professional certificate in a field or subject which the teacher is not, and has never been, employed. * * *"

Also, it is stated by those opposing cross-certification that it removes incentive for a teacher to obtain additional training in the area in which he teaches.

On the other side of this issue relating to teacher tenure, those who advocate cross-certification propose a number of policy arguments in favor of such an interpretation of the applicable Ohio laws. First, it is argued that the aim of the teacher tenure law is not to secure absolute permanence of tenure to teachers eligible for continuing service status, but to afford them continuity of service and at the same time to provide orderly procedure for the termination or suspension of such contract. *State, ex rel. Weekley,* v. *Young* (1943), 141 Ohio St. 260, 264; 48 Ohio Jurisprudence 2d 840 (Part 1), Schools, Section 121. Such legislation resembles a civil service law, and it has uniformly been upheld both generally and as against the contention that it interfered with freedom of contract. *State, ex rel. Bishop,* v. *Bd. of Edn.* (1942), 139 Ohio St. 427. Also, in view of its manifest purpose, this court has held that this legislation should be liberally construed in favor of the teachers, who constitute the class designated as its primary beneficiary. *State, ex rel. Bishop,* v. *Bd. of Edn., supra,* at 439. The dispute presently being discussed as to whether cross-certification is statutorily permissible arises from the fact that such is not specifically set forth within the applicable section of law, R. C. 3319.11. Therefore, applying the appropriate statutory construction as previously pronounced by this court,

this section, *in pari materia* with other applicable sections, must be interpreted in favor of the teachers.

Further, it is argued that if cross-certification is adopted by this court, there will be much greater mobility in the educational system. Teachers who are eligible for tenure would be willing to move to positions in fields where they have provisional certificates but not professional certification.

Also, it is argued that if cross-certification be rejected, it will be interpreted as a decision that the teacher receive tenure in a *specific position*, rather than tenure in the *school system as a teacher*. The majority of cases which have considered the question of whether R. C. 3319.11 establishes tenure in a school system or in a particular position have denied the granting of tenure in a particular position. *State, ex rel. Saltsman,* v. *Burton* (1952), 156 Ohio St. 537, and *State, ex rel. Saltsman,* v. *Burton* (1950), 154 Ohio St. 262 (no tenure as superintendent); *State, ex rel. Frank,* v. *Meigs County Bd. of Edn.* (1942), 140 Ohio St. 381 (no tenure as assistant superintendent); *Ross* v. *Bd. of Education* (1977), 52 Ohio App. 2d 28 (no tenure as principal); *Krolopp* v. *Bd. of Education, supra* (47 Ohio App. 2d 208), at 211 (no tenure as guidance counselor).

Further, in support of the position that R. C. 3319.11 allows for cross-certification and tenure of a teacher within the school system rather than solely within a specific position, is the application of R. C. 3319.01, which section in effect provides for the mobility of teachers within the school district by permitting the superintendent to assign a teacher to any position in which the teacher is certified. This means, of course, an assignment within the area of professional certification or within the area of provisional certification.

Parenthetically, I might state that the prior pronouncement of this court in *State, ex rel. Gandy,* v. *Bd. of Edn.* (1971), 26 Ohio St. 2d 115, is not supportive of this latter proposition, in that the continuing contract was upheld where the facts show only that the teacher was unqualifiedly reemployed in the field for which he held a professional teaching certificate. The conclusion of this court in that case arguably rejects cross-certification.

Lastly, and in my view very importantly, those in support of cross-certification call to our attention that we are discuss-

ing the eligibility of a teacher to be granted a continuing contract when such teacher has acquired proper teaching service and certification. Conversely, we are not discussing a mandate to boards of education to hire teachers contrary to their allowable exercise of discretion.

A teacher only becomes eligible for tenure in the first instance if he or she has been hired three out of the last five years in the district, or, in the instance of a teacher previously attaining continuing contract status elsewhere, hired for two years in the district.

Secondly, the fact that the teacher has become eligible for continuing contract status does not *ipso facto* place that teacher under contract with the board in the school district. The board is under no legal duty to hire this teacher merely because of the teacher's eligibility for tenure. The board has further options. Even though an eligible teacher is recommended for further and continuing employment, the board, by a three-fourths vote, may reject the recommendation. Also, in the instance of a teacher not previously tenured, the superintendent may recommend the employment under a limited two-year contract provided appropriate notice and reasons for professional improvement be given to the teacher. Such teacher may thereafter be terminated at the end of such contract by the giving of appropriate notice.

Upon a review of all of the policy considerations presented, the weight in favor of carrying out the reasonable intent and purpose of these related statutes rests with those who favor combining the appropriate certification with the required teaching employment in any field. Therefore, I concur with the majority in this opinion.

CORRIGAN, J., concurs in the foregoing concurring opinion.