THE STATE, EX REL. RODGERS, APPELLANT, *v.* HUBBARD LOCAL SCHOOL DISTRICT BOARD OF EDUCATION, APPELLEE.

[Cite as State, ex rel. Rodgers, *v.* Hubbard Local Bd. of Edn. (1984), 10 Ohio St. 3d 136.]

(No. 83-130—Decided April 18, 1984.)

*Green, Schiavoni, Murphy, Haines & Sgambati Co., L.P.A., Mr. Anthony P. Sgambati II* and *Mr. Barry Laine,* for appellant.

*Mr. J. Walter Dragelevich,* prosecuting attorney, and *Mr. Thomas E. Carney,* for appellee.

*Per Curiam.* R.C. 3319.11 prescribes the requirements for obtaining a continuing service contract. That section provides, in pertinent part:

"Teachers eligible for continuing service status in any school district shall be those teachers qualified as to certification, who within the last five years have taught for at least three years in the district * * *."

R.C. 3319.09(B) defines the term "year" as follows:

" 'Year' as applied to term of service means actual service of not less than one hundred twenty days within a school year * * *."

Appellee understands R.C. 3319.11 to state: "Teachers eligible for continuing service status in any school district shall be those teachers qualified as to certification, who within the last five years have taught *full-time* for at least three years in the district * * *." This court has consistently held that its duty is "to give effect to the words used [in a statute and] not to * * * insert words." *Columbus-Suburban Coach Lines* v. *Pub. Util. Comm.* (1969), 20 Ohio St. 2d 125, 127 [49 O.O.2d 445]. Appellee's construction contravenes this well-established rule.

This court recently enunciated the circumstances under which a person is eligible for a continuing contract:

"A person is eligible for a continuing contract under R.C. 3319.11 if he is (1) a teacher, (2) holds a professional, permanent or life certificate, and (3) has taught for at least three of the last five years in the district. A person so eligible can either be denied a contract, be issued a limited contract of up to two years if it is accompanied by written notice containing recommendations regarding professional improvement, or be granted a continuing contract." *State, ex rel. Voss,* v. *Bd. of Edn.* (1981), 66 Ohio St. 2d 274, 276 [20 O.O.3d 267].

The court continued:

"If an unconditional limited contract is granted to a teacher qualified to receive a continuing contract, that teacher entitled to a writ of mandamus ordering the issuance of a continuing contract. *State, ex rel. Gandy,* v. *Bd. of Edn.* (1971), 26 Ohio St. 2d 115 [55 O.O.2d 209]." *Id.*

All parties stipulate that appellant meets the first two requirements for eligibility. The question presented in this appeal is whether appellant's years as a part-time teacher should be counted in determining whether she has fulfilled the third requirement. We hold that they should.

The Ohio Revised Code is silent with regard to the length of a teacher's day. R.C. 3313.48, however, describes the minimum number of hours in a *student's* day as follows:

"* * * Except as otherwise provided in this section, *each day * * * shall consist of not less than five clock hours* with pupils in attendance * * *." (Emphasis added.)

The court of appeals cited the above-quoted language as "evidence * * * as to the length of a school day as intended by the legislature," but nevertheless concluded that appellant, although she worked more than five clock hours, was employed for less than a full school day. That conclusion may have actually been based on appellee's own requirement that full-time teachers be present at school for seven hours and fifteen minutes per day. Such a conclusion, however, begs the question of whether less than full school days should be counted for purposes of determining years taught.

The Ohio Revised Code makes no distinction between full-time and part-time teaching days. The applicable statutes have evolved from the Ohio Teacher Tenure Act of 1941, legislation which was enacted "for the protection of those established and qualified in the teaching profession and to prevent their arbitrary dismissal." *State, ex rel. Bishop,* v. *Bd. of Edn.* (1942), 139 Ohio St. 427, 438 [22 O.O. 494].

While this appeal presents this court with a case of first impression, other jurisdictions have ruled on the matter. In *Bishop,* this court at 439 cited the following statement made by the Supreme Court of Alabama in *Bd. of Edn.* v. *Baugh* (1941), 240 Ala. 391, 395, 199 So. 822, with regard to a similar Act:

"* * * The very laudable purpose of this Act was to insure to the teachers some measure of security in their important work and to free them, at least to a measurable extent from the 'vicissitudes of politics' or the likes or dislikes of those charged with the administration of school affairs.

"Such being the manifest purpose of *the Act* it *should be liberally construed in favor of the teachers, who constitute the class designated to be its primary beneficiaries.*" (Emphasis added.)

In *State* v. *Redman* (1971), 491 P. 2d 157, the Supreme Court of Alaska held that half-time employment should be counted for purposes of achieving tenure. The court at 158 stated:

"* * * We fail to find any provision of our statutes concerning education which requires, or to perceive of any persuasive policy reasons why, a teacher must work full days throughout the school year in order to attain tenure rights. No legislative intent to exclude a teacher who works less than full days is manifest from our study of the applicable statutes."

Of particular interest to the instant case is the following statement:

"* * * [The teacher's] situation is analogous to that of a music or art teacher who, because of the specialized nature of his skills, may teach less than a full school day. When such a teacher's duties are regular and substantial enough to afford intelligent evaluation, we perceive little in the way of persuasive policy considerations from excluding such service from the ambit of our tenure laws." *Id.* at 159. See, also, *Sherrod* v. *Lawrenceburg School City* (1938), 213 Ind. 392, 12 N.E. 2d 944.

The record shows that appellant is a teacher, holding a professional teaching certificate, who has taught for at least three of the last five years in appellee's district. She was a part-time employee for some of those years;

however, her duties were substantial and she performed them on a regular basis. Appellant has accomplished that which makes her eligible for tenure under R.C. 3319.11. When she was offered an unconditional limited contract, she became entitled to a writ of mandamus ordering the issuance of a continuing contract. *State, ex rel. Gandy,* v. *Bd. of Edn.* (1971), 26 Ohio St. 2d 115 [55 O.O.2d 209].

The judgment of the court of appeals is therefore reversed and the writ prayed for is allowed.

*Judgment reversed and*
*writ allowed.*

CELEBREZZE, C.J., W. BROWN, SWEENEY, LOCHER, HOLMES, C. BROWN and J. P. CELEBREZZE, JJ., concur.