THE STATE, EX REL. GARAY, APPELLEE, *v.*
HUBBARD LOCAL SCHOOL DISTRICT BOARD OF EDUCATION, APPELLANT.

[Cite as State, ex rel. Garay, *v.* Hubbard Local Bd. of Edn. (1984),
11 Ohio St. 3d 20.]

(No. 83-189—Decided May 9, 1984.)

*Mr. J. Walter Dragelevich,* prosecuting attorney, and *Mr. Thomas E. Carney,* for appellant.

*Green, Schiavoni, Murphy, Haines & Sgambati Co., L.P.A., Mr. Anthony P. Sgambati II* and *Mr. Barry Laine,* for appellee.

*Per Curiam.* R.C. 3319.11 states in pertinent part:

"A teacher eligible for continuing contract status employed under an additional limited contract for not to exceed two years pursuant to written notice from the superintendent of his intention to make such recommendation, is, at the expiration of such limited contract, deemed re-employed under a continuing contract at the same salary plus any increment granted by the salary schedule, unless the employing board, acting on the superintendent's recommendation as to whether or not the teacher should be re-employed, gives such teacher written notice of its intention not to re-employ him on or before the thirtieth day of April."

In construing R.C. 3319.11 in *State, ex rel. Voss,* v. *Bd. of Edn.* (1981), 66 Ohio St. 2d 274, 276 [20 O.O.3d 267], this court stated:

"A person is eligible for a continuing contract under R.C. 3319.11 if he is (1) a teacher, (2) holds a professional, permanent or life certificate, and (3) has taught for at least three of the last five years in the district."

All parties stipulate that appellee meets the first two requirements for eligibility. Appellant argues, however, that appellee's years as a part-time teacher cannot be counted in determining whether she has fulfilled the third requirement. We do not agree. Where part-time teaching experience is regular and substantial, as in the instant case, years spent teaching less than full school days will be counted in determining eligibility for a continuing contract. *State, ex rel. Rodgers,* v. *Hubbard Local Bd. of Edn.* (1984), 10 Ohio St. 3d 136. Our inquiry does not, however, end here.

Appellant contends that even if appellee would be eligible for a continuing contract, she was given written notification of the board's intention not to reemploy her before the thirtieth day of April and, therefore, was not entitled to a continuing contract.

In *State, ex rel. Voss,* v. *Bd. of Edn., supra,* at 276, this court stated, "[a] person * * * eligible [for a continuing contract] can either [1] be denied a contract, [2] be issued a limited contract of up to two years if it is accompanied by written notice containing recommendations regarding professional improvement, or [3] be granted a continuing contract."

In the present case, the record shows that appellant chose the first of those three options based on its intention to reduce the teaching force. Appellant's actions were entirely within the ambit of the authority granted to it by R.C. 3319.11.

This court has held that reemployment pursuant to R.C. 3319.11 is a right subject to termination by proper notification. *State, ex rel. Brown,* v. *Bd. of Edn.* (1955), 162 Ohio St. 589 [55 O.O. 481]; *State, ex rel. Peake,* v. *Bd. of Edn.* (1975), 44 Ohio St. 2d 119 [73 O.O.2d 437]; *Otterson* v. *Bd. of Edn.* (1975), 44 Ohio St. 2d 123 [73 O.O.2d 439]. See, also, *State, ex rel. Hura,* v. *Bd. of Edn.* (1977), 51 Ohio St. 2d 19 [5 O.O.3d 10] (holding that a teacher

eligible for a continuing contract must be granted the same upon any subsequent reemployment within the district). In the case *sub judice,* the record shows that appellee was notified that she would not be reemployed, in accordance with the requirements of R.C. 3319.11.

In *State, ex rel. Gandy,* v. *Bd. of Edn.* (1971), 26 Ohio St. 2d 115 [55 O.O.2d 209], paragraph one of the syllabus, this court held that "[w]here a public school teacher who is 'eligible for continuing service status' under the provisions of R.C. 3319.11 is unqualifiedly reemployed in the field for which he has a professional teaching certificate, he is entitled to a continuing contract." However, here, inasmuch as appellee was denied a contract of reemployment she was not entitled to a writ of mandamus. The decision of the court of appeals is therefore reversed and the writ prayed for is denied.

*Judgment reversed and*
*writ denied.*

CELEBREZZE, C.J., W. BROWN, SWEENEY, LOCHER, HOLMES, C. BROWN and J. P. CELEBREZZE, JJ., concur.