THE STATE, EX REL. HLYNSKY, APPELLANT, *v.*
OSNABURG LOCAL SCHOOL DISTRICT BOARD OF EDUCATION, APPELLEE.

[Cite as State, ex rel. Hlynsky, *v.* Osnaburg Local Bd. of Edn. (1984), 11 Ohio St. 3d 194.]

(No. 83-91—Decided June 20, 1984.)

*Green, Schiavoni, Murphy, Haines & Sgambati Co., L.P.A.,* and *Mr. Ronald G. Macala,* for appellant.

*Mr. James R. Unger,* prosecuting attorney, and *Mr. Neal L. Fitzgerald,* for appellee.

*Per Curiam.* The issue presented for consideration is whether the notification and automatic reemployment provisions contained under R.C. 3319.11 are applicable when a teacher's contract has been suspended in accordance with R.C. 3319.17.

R.C. 3319.17 provides:

"When by reason of decreased enrollment of pupils, return to duty of regular teachers after leaves of absence, or by reason of suspension of schools or territorial changes affecting the district, a board of education decides that it will be necessary to reduce the number of teachers, it may make a reasonable reduction. In making such reduction, the board shall proceed to suspend contracts in accordance with the recommendation of the superintendent of schools who shall, within each teaching field affected, give preference to teachers on continuing contracts and to teachers who have greater seniority. Teachers, whose continuing contracts are suspended, shall have the right of restoration to continuing service status in the order of seniority of service in the district if and when teaching positions become vacant or are created for which any of such teachers are or become qualified."

Appellant does not dispute, in this appeal, that the board lawfully suspended her additional one-year limited contract due to a decrease in student enrollment. Instead, appellant maintains that the contract suspension did not extinguish her rights, or the board's duty to comply with the notification and automatic reemployment provisions, under R.C. 3319.11, which provides in pertinent part:

"A teacher eligible for continuing contract status employed under an additional limited contract for not to exceed two years pursuant to written notice from the superintendent of his intention to make such recommenda-

tion, is, at the expiration of such limited contract, deemed re-employed under a continuing contract at the same salary plus any increment granted by the salary schedule, unless the employing board, acting on the superintendent's recommendation as to whether or not the teacher should be re-employed, gives such teacher written notice of its intention not to re-employ him on or before the thirtieth day of April. * * *''

In *State, ex rel. Voss*, v. *Bd. of Edn.* (1981), 66 Ohio St. 2d 274, 276 [20 O.O.3d 267], this court stated that ''[a] person is eligible for a continuing contract under R.C. 3319.11 if he is (1) a teacher, (2) holds a professional, permanent or life certificate, and (3) has taught for at least three of the last five years in the district.'' Continuing, the court held that ''[a] person so eligible can either be denied a contract, be issued a limited contract of up to two years if it is accompanied by written notice containing recommendations regarding professional improvement, or be granted a continuing contract.'' *Id.*

Appellant became eligible to receive a continuing contract in April 1981. In considering her eligibility, the board complied with R.C. 3319.11 by opting to issue appellant an additional limited contract for a one-year period. The board then suspended the newly issued contract pursuant to its authority under R.C. 3319.17. Appellant contends that although her contract may have lawfully been suspended, nevertheless, the board was not relieved of its statutory obligation under R.C. 3319.11 of notifying her by April 30, 1982, as to the status of her contract for the 1982-1983 school year. According to appellant, the failure of the board to so notify her resulted in automatic reemployment under a continuing contract. Cf. *State, ex rel. Peake*, v. *Bd. of Edn.* (1975), 44 Ohio St. 2d 119 [73 O.O.2d 437].

We are, however, unpersuaded by appellant's argument, and for the reasons which follow we conclude that the April notification requirements and the automatic reemployment provisions of R.C. 3919.11 are inapplicable to a teacher whose contract has been suspended in accordance with R.C. 3319.17.

Specifically, R.C. 3319.11 provides that ''[a] teacher eligible for continuing contract status employed under an additional limited contract for not to exceed two years * * * is, *at the expiration of such limited contract,* deemed re-employed under a continuing contract * * * unless the employing board * * * gives such teacher written notice of its intention not to re-employ him on or before the thirtieth day of April.'' (Emphasis added.)

In analyzing this provision of R.C. 3319.11, it is apparent that once an additional limited contract has been issued, it is only at the ''expiration of such limited contract'' that the notification and automatic reemployment provisions are triggered. Appellant, whose contract was suspended, had no contract which could ''expire'' and, therefore, the notification and automatic reemployment provisions of R.C. 3319.11 never became operative.

Our conclusion is further buttressed by the specific language of R.C. 3319.17, which provides in relevant part:

"* * * Teachers, whose continuing contracts are suspended, shall have the right of restoration to continuing service status in the order of seniority of service in the district if and when teaching positions become vacant or are created for which any of such teachers are or become qualified."

Of particular importance is the fact that under R.C. 3319.17, continuing contracts survive a suspension only "if and when" teaching positions become vacant or are created. Annual notification requirements to teachers whose contracts have been suspended are simply not required. Since R.C. 3319.17 concerns itself only with the survival of *continuing contracts,* we are unable to accept appellant's argument that a limited contract or an additional limited contract somehow enjoys survivorship status equal to or greater than that of a continuing contract.

It is noteworthy that, contrary to the position advanced by appellant, R.C. 3319.17 does not provide that "[w]hen by reason of decreased enrollment of pupils * * * a board of education decides that it will be necessary to reduce the number of teachers, it may make a reasonable reduction; *provided, however, that the board of education continues to adhere to the April notification and automatic reemployment requirements contained in R.C. 3319.11.*" Nevertheless, appellant's argument effectively asks this court to insert this additional language into the statute.

This court has expressly declined to expand the scope or requirements of R.C. 3319.17 beyond those specifically enumerated therein. See, *e.g., Bohmann* v. *Bd. of Edn.* (1983), 2 Ohio St. 3d 136, wherein we rejected an invitation to construe R.C. 3319.17 so as to apply to transfers or reassignments of teachers, stating:

"Being mindful of the well-established principle that 'it is the duty of this court to give effect to the words used [in a statute and] not to delete words *or to insert words,*' this court is not persuaded by appellee's statutory construction." *Id.* at 138-139, citing *Columbus-Suburban Coach Lines* v. *Pub. Util. Comm.* (1969), 20 Ohio St. 2d 125, 127 [49 O.O.2d 445].

See, also, *Dorian* v. *Bd. of Edn.* (1980), 62 Ohio St. 2d 182 [16 O.O.3d 208], wherein this court concluded that the teacher termination procedures set forth in R.C. 3319.16 are inapplicable to suspension procedures under R.C. 3319.17.

Accordingly, we conclude that since the April notification requirements as well as the automatic reemployment provisions of R.C. 3319.11 are inapplicable to teachers whose contracts have been suspended in accordance with R.C. 3319.17, the court of appeals properly denied appellant's request for a writ of mandamus.

For the foregoing reasons, the judgment of the court of appeals is affirmed.

*Judgment affirmed.*

CELEBREZZE, C.J., W. BROWN, SWEENEY, LOCHER, HOLMES, C. BROWN and J. P. CELEBREZZE, JJ., concur.