CITY OF ENGLEWOOD ET AL.,
APPELLANTS, *v.* MONTGOMERY
COUNTY BUDGET COMMISSION ET AL.,
APPELLEES.

(No. 86AP-755—Decided
April 28, 1987.)

*Smith & Schnacke, William C. Wilkison* and *John T. Sunderland,* for appellants.

*Michael Russell,* assistant prosecuting attorney, for appellee Montgomery County Budget Commission.

*Squire, Sanders & Dempsey, Thomas E. Palmer* and *Stephen P. Grassbaugh,* for appellee city of Dayton.

*Calfee, Halter & Griswold, Harold W. Babbit* and *John J. Eklund,* for appellee city of Kettering.

YOUNG, J. This matter is before the court from a decision of the Board of Tax Appeals ("BTA") which upheld an alternate method and formula established by the Montgomery County Budget Commission ("budget commission") for the 1982 allocation of the undivided local government fund.

The budget commission is comprised of the county auditor, county treasurer, and county prosecuting attorney. The budget commission met in August 1981, pursuant to R.C. 5705.27, but made no allocation of the local government fund at that time. The budget commission allocates the undivided local government fund in one of two ways. The computation of the percentage shares is governed by the statutory formula, R.C. 5747.51, or an alternative formula, pursuant to R.C. 5747.53, upon a majority vote of the members of a board of county commissioners, board of township trustees, and legislative authorities of municipal corporations including the legislative authority of the city with the greatest population, in this instance the city of Dayton. The budget commission reviewed several alternate formulas and on December 30, 1981, approved a formula to be proposed to

the subdivisions of Montgomery County. In January 1982, Montgomery County received its first of the monthly installments of the local government fund, but the budget commission did not distribute it. On April 9, 1982, the budget commission requested an extension of time in order to allocate the fund. The Tax Commissioner refused on April 20, 1982, to grant the request. By June 18, 1982, a majority of the townships and municipal corporations in Montgomery County approved the proposed allocation and the alternate formula was adopted.

Appellants filed a notice of appeal to the BTA. At approximately the same time, the cities of Englewood, Miamisburg and West Carrollton filed a petition for a writ of mandamus with the Court of Appeals for Montgomery County requesting that the court compel the budget commission to disperse the undivided local government fund according to the statutory method of R.C. 5747.51. The court denied the writ since there was an adequate remedy at law. The BTA dismissed the budget commission's appeal from the Tax Commissioner's order denying an extension of time. The BTA stated that it lacked the jurisdiction to make such a determination. Furthermore, the BTA dismissed appellants' appeal for lack of jurisdiction since all participating subdivisions of the 1982 fund had not been captioned in the suit. Alternatively, the BTA held that appellants failed to assert that the budget commission abused its discretion or failed to comply with the alternate formula. Thereafter, this appeal was filed. Appellants assert the following four assignments of error:

"I. The Board of Tax Appeals erred in ruling that the allocation and distribution of the 1982 Montgomery County undivided local government fund was governed by an 'alternate' formula.

"II. The Board of Tax Appeals erred in ruling that the allocation and distribution of the 1982 Montgomery County undivided local government fund was not governed by the statutory formula.

"III. The Board of Tax Appeals erred in ruling that it lacked jurisdiction over appellants' appeal on the basis that not all participating governmental units were included in the notice of appeal.

"IV. The Board of Tax Appeals erred in its conduct of the hearing on appellants' appeal and in so doing denied appellants their right to a *de novo* hearing."

The central issue to be decided in this case is whether the statutory language of R.C. 5705.27 imposes an absolute deadline on the budget commission to allocate the local government funds by September first of each year.

R.C. 5705.27 states, in pertinent part:

"* * * The commission shall meet at the office of the county auditor in each county on the first Monday in February and on the first Monday in August, annually, and *shall complete* its work *on or before the first day of September, annually,* unless for good cause the tax commissioner extends the time for completing the work." (Emphasis added.)

It is the primary purpose of the judiciary, in the interpretation of statutes, to ascertain the legislative will. *Henry* v. *Central Natl. Bank* (1968), 16 Ohio St. 2d 16, 45 O.O. 2d 262, 242 N.E. 2d 342. It is incumbent upon the judiciary to determine the statute's plain and concise meaning, give effect to the words used, and not insert words. *State, ex rel. Rodgers,* v. *Hubbard Local Bd. of Edn.* (1984), 10 Ohio St. 3d 136, 10 OBR 458, 461 N.E. 2d 1308. The use of "shall" in statutory construction imposes a man-

datory duty without qualification. *Anderson* v. *Hancock Cty. Bd. of Edn.* (1941), 137 Ohio St. 578, 19 O.O. 344, 31 N.E. 2d 850.

R.C. 5705.27 succinctly sets forth, in mandatory language, that a budget commission *shall complete* its work on or before September first of each year unless an extension is granted by the Tax Commissioner. If no extension is granted, the budget commission must be prepared to invoke an alternate formula approved prior to September first, pursuant to R.C. 5747.53, or the statutory formula, set forth in R.C. 5747.51, comes into effect by operation of law.

R.C. 5747.51(B) states, in pertinent part:

"(B) At each annual regular session of the county budget commission convened pursuant to section 5705.27 * * * [t]he commission * * * *shall determine* the amount of the undivided local government fund needed by and to be apportioned to each subdivision * * *. This determination *shall* be made pursuant to divisions (C) to (I) of this section [the statutory formula], unless the commission *has provided* for a formula pursuant to section 5747.53 of the Revised Code [an alternate formula]. * * *" (Emphasis and bracketed remarks added.)

Thus, a budget commission may adopt an alternate formula in lieu of the statutory method of distribution if the alternate formula is approved and ready to be implemented by the September first deadline.

In the facts before this court, the alternative formula for allocating the undivided local government fund was not adopted on or before the first day of September 1981. Therefore, by operation of law, the statutory formula was and is effective for the 1982 calendar year pursuant to R.C. 5747.51 and 5747.52. The record also reflects that an extension of time was not granted by the Tax Commissioner.

Appellees rely on the case of *Troy* v. *Miami Cty.* (1959), 168 Ohio St. 418, 7 O.O. 2d 258, 155 N.E. 2d 909, to support their argument that the language of R.C. 5705.27 is directory rather than mandatory. The *Troy* case involved a most peculiar fact situation. The General Assembly had just passed Amended House Bill No. 502, Amended House Bill No. 676 and Amended Senate Bill No. 224, all amendments to then R.C. 5739.23. Two of these bills became effective as of September 16, 1957, which was after the September first deadline for allocation of the local government fund. But, provisions of these bills were supposed to be incorporated into the 1958 allocations. Thus, the Ohio Supreme Court found itself in a most dubious predicament. To hold that the language was mandatory would be to violate the rule of construction that statutes are to be given a prospective operation unless by their terms they are clearly retrospective. The amendments did not contain retrospective language. Next, the court considered whether the delay prejudiced the rights of any person or class of persons.

In *Troy,* the budget commission acted on January 16, 1958, before the first local government fund monthly allocation was to be dispersed. Consequently, all government bodies received their monies according to schedule and the court found no prejudice. Moreover, in *Troy* the major issues were only concerned with a statutory formula allocation and did not involve an issue concerning an alternate formula which requires a majority approval of the townships and municipalities before it is implemented.

In the facts before this court, the Montgomery County Budget Commission implemented an alternate formula on June 18, 1982, approximately nine

months after the statutory September first deadline. Also, beginning in January 1982, six monthly installments of the local government fund were not dispersed and were being held by the budget commission awaiting the majority approval of the requisite number of government subdivisions.

Public policy demands that townships, municipal corporations, and other government bodies be run in an efficient, orderly manner. Likewise, the government funding that is used to support these government bodies should be available as an operation of law so as not to impede government services. Clearly, withholding monthly government funds for a six-month interval has a prejudicial effect on the government bodies depending on those monies. Basically, the municipalities and townships in Montgomery County that were eligible for the 1982 fund were given the choice to either approve the alternate formula or survive without the monthly installments from the local government fund. This obviously was not the legislative intent.

In distinguishing *Troy* by its factual situation, it is clear that it holds no precedential value as applied to the facts now before this court. The language of R.C. 5705.27 is mandatory and requires that the budget commission either adopt an alternate formula pursuant to R.C. 5747.53 by August thirty-first each year, or the statutory formula of R.C. 5747.51 will be in effect by operation of law. Since the Montgomery County Budget Commission failed to adopt an alternate formula before September 1, 1981, the 1982 fund is to be allocated according to the statutory formula. See R.C. 5747.51. It was unreasonable and unlawful for the BTA to uphold the decision of the budget commission by allowing it to implement an alternate formula after the September first deadline as mandated by R.C. 5705.27.

Accordingly, appellants' first and second assignments of error are well-taken and sustained.

Appellants' third assignment of error asserts that the Board of Tax Appeals erred in ruling that it lacked jurisdiction since not all participating government units were included in the notice of appeal. R.C. 5747.55(C), (D) and (E) state:

"(C) There shall also be attached to the notice of appeal a statement showing:

"(1) The name of the fund involved, the total amount in dollars allocated, and the exact amount in dollars allocated to each participating subdivision;

"(2) The amount in dollars which the complaining subdivision believes it should have received;

"(3) The name of each participating subdivision, as well as the name and address of the fiscal officer thereof, that the complaining subdivision believes received more than its proper share of the allocation, and the exact amount in dollars of such alleged over-allocation.

"(D) Only the participating subdivisions named pursuant to division (C) of this section are to be considered as appellees before the board of tax appeals and no change shall, in any amount, be made in the amount allocated to participating subdivisions not appellees.

"(E) The total of the undivided local government fund to be allocated by the board of tax appeals upon appeal is the total allocated by the budget commission to those subdivisions which are appellants and appellees before the board of tax appeals."

Thus, R.C. 5747.55 states that only those parties which a subdivision believes were allocated an excessive share of the undivided local government fund can be made parties to an appeal. See *Berea City School District*

v. *Budget Comm.* (1979), 60 Ohio St. 2d 50, 14 O.O. 3d 209, 396 N.E. 2d 767.

In applying R.C. 5747.55 to the facts before this court, the proper parties have been joined in this appeal. Therefore, appellants' third assignment of error is not well-taken and is overruled.

Appellants' fourth assignment of error asserts that the Board of Tax Appeals erred in denying appellants their right to a *de novo* hearing. Based on this court's disposition of appellants' first and second assignments of error, the budget commission was required to use the statutory method of distribution. Therefore, even if there was error, there was no prejudice.

The judgment of the Board of Tax Appeals is reversed and the case is remanded for further proceedings in accordance with law consistent with this opinion.

*Judgment reversed and case remanded.*

MCCORMAC and BRYANT, JJ., concur.