WOODRUM, APPELLANT, *v.*
ROLLING HILLS BOARD OF EDUCATION ET AL., APPELLEES.

(No. 80-1047—Decided June 3, 1981.)

*Green, Schiavoni, Murphy, Haines & Sgambati Co., L.P.A.,* and *Mr. Frederick G. Cloppert, Jr.,* for appellant.

*Means, Bichimer, Burkholder & Baker Co., L.P.A.,* and *Mr. John C. Burkholder,* for appellees.

*Per Curiam.* R. C. 3319.11 states, in part:

"Teachers eligible for continuing service status in any school district shall be those teachers qualified as to certification, who within the last five years have taught for at least three years in the district***."

R. C. 3319.08 states, in part:

"Contracts for the employment of teachers shall be of two types, limited contracts and continuing contracts.***

"A continuing contract is a contract which shall remain in effect until the teacher resigns, elects to retire, or is retired pursuant to section 3307.37 of the Revised Code, or until it is terminated or suspended and shall be granted only to teachers holding professional, permanent, or life certificates.***"

In *State, ex rel. Voss,* v. *Bd. of Edn.* (1981), 66 Ohio St. 2d 274, this court determined that a teacher is eligible for a continuing contract if he has taught in the district for three of the past five years and holds a professional, permanent, or life certificate in any area of teaching. The Court of Appeals herein erred in holding that appellant's contract must be to teach in an area of professional, permanent, or life certification.

In *Voss,* we reversed a judgment denying a teacher a writ of mandamus. That teacher, like appellant in the instant cause, was eligible for a continuing contract and had been issued an unconditional limited contract.

In mandamus actions, however, not only must respondent be under a clear legal duty to perform the requested act, but relator must also have a clear legal right to the relief sought. *State, ex rel. Heller,* v. *Miller* (1980), 61 Ohio St. 2d 6. The

Court of Appeals held that appellant did not have a right to the relief prayed for due to her failure to file her renewed professional certificate with the board.

There is no specific filing requirement contained in R. C. 3319.11. In *State, ex rel. Gandy,* v. *Bd. of Edn.* (1971), 26 Ohio St. 2d 115, a board of education did not have a qualifying teacher's certificate on file. In affirming a decision granting the teacher a continuing contract, this court stated in the second paragraph of the syllabus:

"Where the record cards in the offices of the local and county superintendents of schools indicate that a teacher has a professional certificate, such records provide sufficient notice to those officials that the teacher is eligible for a continuing contract."

It is not the filing of the certificate, but rather the sufficiency of the notice, which is important. If a teacher is eligible for a continuing contract, R. C. 3319.11 directs the school board to alternatively issue that teacher a continuing contract, a qualified limited contract, or a notice of termination. Issuance of an unqualified limited contract, ordinarily, is the equivalent of issuance of a continuing contract. Boards of education cannot be expected to make such decisions if they are unaware that a teacher is so eligible.

In the case at bar, appellant's employment application notified the board that she held a professional certificate, and it is clear that the superintendent signed her application for a renewal of the same. Under the facts of this case, the board had sufficient notice of appellant's possession of a valid professional certificate at the time she became eligible for a continuing contract.

Accordingly, the judgment of the Court of Appeals is reversed and the cause is remanded for a determination of appellant's claims for backpay and other relief.

*Judgment reversed and*
*cause remanded.*

CELEBREZZE, C. J., W. BROWN, P. BROWN, LOCHER and C. BROWN, JJ., concur.

CORRIGAN and HOLMES, JJ., concur on the basis of the

concurring opinion of HOLMES, J., in *State, ex rel. Voss,* v. *Bd. of Edn.* (1981), 66 Ohio St. 2d 274, 279.

CORRIGAN, J., of the Eighth Appellate District, sitting for SWEENEY, J.