CORRIGAN, J., of the Eighth Appellate District, sitting for SWEENEY, J.

THE STATE, EX REL. PEET, APPELLANT, *v.* WESTERVILLE CITY SCHOOL DISTRICT BOARD OF EDUCATION, APPELLEE.

(No. 80-778—Decided June 3, 1981.)

*Green, Schiavoni, Murphy, Haines & Sgambati Co., L.P.A.,* and *Mr. Frederick G. Cloppert, Jr.,* for appellant.

*Means, Bichimer, Burkholder & Baker Co., L.P.A.,* and *Mr. John C. Burkholder,* for appellee.

*Per Curiam.* R. C. 3319.11 states in part:

"Teachers eligible for continuing service status in any school district shall be those teachers qualified as to certification, who within the last five years have taught for at least three years in the district***."

R. C. 3319.08 stated, at the time applicable herein:

"Contracts for the employment of teachers shall be of two types, limited contracts and continuing contracts.***A continuing contract is a contract which shall remain in effect until the teacher resigns, elects to retire, or is retired pursuant to section 3307.37 of the Revised Code or until it is terminated or suspended and shall be granted only to teachers holding professional, permanent, or life certificates.***"

In *State, ex rel. Voss,* v. *Bd. of Edn.* (1981), 66 Ohio St. 2d 274, this court held that a teacher is eligible, pursuant to R. C. 3319.11, to a continuing contract if he has taught for three of the last five years in the district and holds a professional, permanent or life certificate in any area of teaching. Ordinarily, if such a teacher is issued an unconditional limited contract he is entitled to a writ of mandamus. The Court of Appeals erred in holding that appellant's professional certificate in an area other than vocational training did not qualify him for a continuing contract.

The Court of Appeals also held that appellant was not eligible for a continuing contract because his professional cer-

tificate was not valid on April 24, 1978, the date on which the contract was entered into. The contract's effective date, however, was appellant's first work date for the 1978-1979 school year. That date was subsequent to the effective date of the professional certificate. We must determine whether a teacher may be eligible for continuing contract status if his professional certificate becomes effective subsequent to the time a contract is entered into, but prior to the starting date of that contract.

In enacting R. C. Chapter 3319, the General Assembly required boards of education to decide whether to issue continuing contracts to qualified teachers after three years of observing their teaching abilities. This requirement is designed to provide stability to the teaching process by giving qualified teachers job security.

In order for the system to function properly, it is necessary that continuing contracts only be issued to competent teachers. The General Assembly provided for an objective measure of competency by establishing the certification process. In order to obtain a professional or permanent certificate a person must meet "the standards of preparation, experience, and teaching success set by the***[State Board of Education]." R. C. 3319.25 and 3319.26.

If a professional certificate is effective prior to the starting date of a contract, the competency of that teacher has been approved for that school year. Consequently, a teacher is eligible for a continuing contract pursuant to R. C. 3319.11 if he has taught for three of the past five years in the school district and if he holds a professional, permanent or life certificate in any area of teaching, which certificate is effective by the starting date of any contract to be issued. If a board has issued an unconditional limited contract to such a teacher, that teacher is ordinarily entitled to a writ of mandamus compelling the issuance of a continuing contract.

There being no reason to deny appellant the requested relief, the judgment of the Court of Appeals is reversed and the writ is allowed.

*Judgment reversed and*
*writ allowed.*

290

CELEBREZZE, C. J., W. BROWN, P. BROWN, LOCHER and C. BROWN, JJ., concur.

CORRIGAN and HOLMES, JJ., concur on the basis of the concurring opinion of HOLMES, J., in *State, ex rel. Voss,* v. *Bd. of Edn.* (1981), 66 Ohio St. 2d 274, 279.

CORRIGAN, J., of the Eighth Appellate District, sitting for SWEENEY, J.