TATE ET AL., APPELLEES, *v.* WESTERVILLE CITY BOARD OF EDUCATION, APPELLANT.

[Cite as Tate *v.* Westerville Bd. of Edn. (1983), 4 Ohio St. 3d 206.]

(No. 82-1406—Decided May 4, 1983.)

*Green, Schiavoni, Murphy, Haines & Sgambati Co., L.P.A.,* Mr. *Frederick G. Cloppert, Jr.,* and *Ms. Susanne R. Blatt,* for appellees.

*Means, Bichimer, Burkholder & Baker Co., L.P.A.,* Mr. *John C. Burkholder* and *Mr. Kimball H. Carey,* for appellant.

SWEENEY, J. The issue presented is whether the automatic renewal provision of R.C. 3319.11 applies to supplemental teaching contracts. R.C. 3319.11 states in part:

"Any teacher employed under a limited contract, and not eligible to be considered for a continuing contract, is, at the expiration of such limited contract, deemed re-employed under the provisions of this section at the same salary plus any increment provided by the salary schedule unless the employing board * * * gives such teacher written notice of its intention not to re-employ him on or before the thirtieth day of April. * * *"

A board of education's failure to give timely written notice of its intent not to renew a teacher's limited contract results in the automatic renewal of the contract for the ensuing year. *State, ex rel. Peake,* v. *Bd. of Edn.* (1975), 44 Ohio St. 2d 119 [73 O.O.2d 437].

Teachers' contracts are defined in R.C. 3319.08. While this section has since been amended,[1] it provided in April 1980, as follows:

"The board of education of each city * * * school district shall enter into written contracts for the employment and reemployment of all teachers. * * *

"* * *

"Contracts for the employment of teachers shall be of two types, limited contracts and continuing contracts. A limited contract * * * is a contract * * * not to exceed five years. A continuing contract is a contract which shall remain in effect until the teacher resigns, elects to retire, or is retired pursuant to section 3307.37 of the Revised Code * * *."

R.C. 3319.08 creates two types of teaching contracts: limited and continuing. A limited contract is for a fixed duration and is periodically subject to a board's decision to renew while a continuing contract confers tenure within a school system. R.C. 3319.08 also contains provisions allowing school boards to execute supplemental contracts with teachers to supervise extracurricular activities in addition to regular teaching duties. This portion of R.C. 3319.08 provided:

"* * * The board of education of each city * * * school district which authorizes compensation in addition to the base salary stated in the teachers' salary schedule, for the performance of duties by a teacher which are in addition to the teacher's regular teaching duties, shall enter into a supplemental

---

[1] Am. Sub. H.B. No. 769.

written contract with each teacher who is to perform additional duties. Such supplemental written contracts shall be limited contracts."

R.C. 3319.08 classifies supplemental written contracts as "limited contracts." In addition, "limited contracts" are subject to the previously mentioned renewal provisions of R.C. 3319.11. Appellant argues that R.C. 3319.08 and 3319.11 protect only teaching contracts and not contracts for the performance of supplemental duties. In support of this contention appellant relies upon G.C. 4842-7 (121 Ohio Laws 619, 623 [1945]), the predecessor to R.C. 3319.08, which provided in relevant part:

"* * * [B]oards of education may include in such contract duties beyond the regular duties and for such additional duties the salary of the teacher may be supplemented. Such boards of education may discontinue at any time the assignment of special duties beyond the regular classroom teaching duties and the supplemental salary allowed for such additional duties shall be discontinued upon relief from such additional duties."

Although the above statute, which existed for twenty-four years, supports appellant's proposition that supplemental contracts may be cancelled at any time, a major change occurred in 1969, when the General Assembly amended R.C. 3319.08. See 133 Ohio Laws 2288, 2307. The amended statute requires that separate written contracts be executed with teachers performing supplemental duties, and "[s]uch supplemental written contracts shall be limited contracts."

By placing supplemental duties on a contractual rather than at will basis the General Assembly conferred upon teachers holding supplemental contracts the same protections afforded teachers under regular limited contracts. As the court below stated, "* * * [h]ad the Legislature intended to exclude supplemental contracts from the provision of R.C. 3319.11, a simple provision to that effect could have been included either in R.C. 3319.08 or in R.C. 3319.11. Instead the Legislature chose to provide expressly that supplemental contracts will be considered limited contracts."

Appellant next argues that because the performance of duties under a supplemental coaching contract does not require certification pursuant to R.C. 3319.22 *et seq.*, appellees' contracts are not "teaching contracts" and, thus, are not subject to the provisions of R.C. 3319.11. This contention is without merit. As the court of appeals noted, "[a] teacher may have two separate and distinct teaching contracts with the same school district, both of which are contracts of employment: (1) a regular teaching contract; and (2) a supplemental teaching contract. Continuing contract status can never be obtained with respect to the supplemental teaching duties and contract, even though continuing status be achieved with respect to regular teaching duties and contract. This fact, however, does not preclude application of R.C. 3319.11 with respect to requirements for renewal of supplemental teaching contracts. In fact, the only provision with respect to renewal of supplemental written contracts is the language of R.C. 3319.11.

"This conclusion is fortified by the provisions of R.C. 3313.53, as

amended effective March 14, 1980, pertaining to the 'directing, supervising, and coaching the pupil-activity programs in music, language, arts, speech, government, athletics, and any others directly related to the curriculum.' While these may constitute part but not all of the supplemental or additional teaching duties within the purview of R.C. 3319.08; nevertheless, R.C. 3315.53 clarifies that ordinarily a regular teacher must be employed to perform such services and that a nonemployee teacher may be employed to perform such services only if all qualified employed teachers have refused to accept the supplemental position, and a noncertificated individual may be employed to perform such services only if there is no certificated person qualified and willing to accept such position."

Thus, appellant's attempt to bifurcate the status of teachers based on whether the duties in question require certification has no statutory basis. That a non-certified individual may be hired to perform tasks ordinarily performed by teachers pursuant to supplemental contracts does not mean that the status of teachers performing additional duties has been downgraded to that of a non-teacher.

For the reasons hereinbefore stated, we hold that any teacher employed by a board of education to perform additional duties pursuant to a supplemental written contract is deemed reemployed unless the employing board of education gives such teacher written notice of its intention not to reemploy him to perform additional duties on or before the thirtieth day of April.[2] Accordingly, the judgment of the court of appeals is affirmed.

*Judgment affirmed.*

CELEBREZZE, C.J., W. BROWN, LOCHER, HOLMES and O'NEILL, JJ., concur.

HENDRICKSON, J., concurs in judgment only.

O'NEILL, J., of the Seventh Appellate District, sitting for C. BROWN, J.

HENDRICKSON, J., of the Twelfth Appellate District, sitting for J. P. CELEBREZZE, J.

---

[2] Appellant's final argument, which raises the question of whether a supplemental contract can survive the non-renewal of a regular teaching contract, is based on a factual situation that is not presently before the court. Consistent with settled practice, we express no opinion on this hypothetical issue.