THE STATE EX REL. MEYERS, APPELLANT, *v.*
CITY OF COLUMBUS ET AL., APPELLEES.

[Cite as *State ex rel. Meyers v. Columbus* (1995), 71 Ohio St.3d 603.]

(No. 94–1966—Submitted January 24, 1995—Decided March 8, 1995.)

604

John P. Meyers, pro se.

Ronald J. O'Brien, Columbus City Attorney, and Douglas K. Browell, Chief Labor Attorney, for appellees.

———

Per Curiam. The court of appeals denied Meyers's request for a writ of mandamus because (1) Meyers was guilty of laches in bringing the mandamus action, and (2) pursuant to the city charter, Meyers failed to establish a right to be appointed police sergeant earlier than the date he was promoted.

"The elements of a laches defense are (1) unreasonable delay or lapse of time in asserting a right, (2) absence of an excuse for such delay, (3) knowledge, actual or constructive, of the injury or wrong, and (4) prejudice to the other party." *State ex rel. Cater v. N. Olmsted* (1994), 69 Ohio St.3d 315, 325, 631 N.E.2d 1048, 1056. Prejudice will not be inferred from a mere lapse of time. *State ex rel. Chavis v. Sycamore City School Dist. Bd. of Edn.* (1994), 71 Ohio St.3d 26, 35, 641 N.E.2d 188, 196. In the case at bar, the court of appeals determined that laches barred Meyers's mandamus action because his "failure to seek relief in mandamus prior to the expiration of the first eligible list constitutes an unreasonable delay in bringing the instant action." The court of appeals therefore erroneously inferred prejudice from the time lapse. Respondents introduced no evidence of prejudice from the alleged delay of Meyers in instituting his action for extraordinary relief.

However, reversal is not necessitated by the court of appeals' erroneous reliance on laches because a reviewing court is not authorized to reverse a correct judgment merely because erroneous reasons were assigned as a basis thereof. *State ex rel. Carter v. Schotten* (1994), 70 Ohio St.3d 89, 92, 637 N.E.2d 306, 309. The court of appeals further determined that, irrespective of laches, Meyers was not entitled to a writ of mandamus because of Section 151 of the Columbus City Charter, which provides:

"When a position in the competitive classified service is to be filled, the appointing authority shall notify the commission of the fact and the commission shall certify to such authority the names and addresses of three candidates standing highest on the eligible list for the class or grade to which such position belongs. The appointing authority shall appoint one of the three persons certified to him, to such position."

In contrast to the foregoing charter provision, R.C. 124.44 specifies:

" * * * Whenever a vacancy occurs in the position above the rank of patrolman in a police department, and there is no eligible list for such rank, the municipal or * * * township civil service commission shall, within sixty days of such vacancy, hold a competitive promotional examination. After such examination has been held and an eligible list established, the commission shall forthwith certify to the appointing officer the name of the person receiving the highest rating. Upon such certification, the appointing officer shall appoint the person so certified within thirty days from the date of such certification. * * * "

Meyers asserts that under R.C. 124.44, he possessed a clear legal right to be promoted to sergeant no later than May 7, 1992, the date he claimed that he was certified with the highest rating of three eligible candidates. The Home Rule Amendment to the Ohio Constitution authorizes municipalities to "exercise all powers of local self-government and to adopt and enforce within their limits such local police, sanitary and other similar regulations, as are not in conflict with

general laws." Section 3, Article XVIII, Ohio Constitution. The appointment of officers within a city's police department constitutes an exercise of local self-government within the meaning of the Home Rule Amendment. *State ex rel. Bardo v. Lyndhurst* (1988), 37 Ohio St.3d 106, 108, 524 N.E.2d 447, 450; *State ex rel. Canada v. Phillips* (1958), 168 Ohio St. 191, 5 O.O.2d 481, 151 N.E.2d 722.

In order for the municipal charter to supersede state law regarding police promotions, the conflict must be by express charter language rather than mere inference. *State ex rel. Lightfield v. Indian Hill* (1994), 69 Ohio St.3d 441, 442, 633 N.E.2d 524, 526; *State ex rel. Bednar v. N. Canton* (1994), 69 Ohio St.3d 278, 280, 631 N.E.2d 621, 624. The "rule of three" of the Columbus City Charter requires that the appointing authority certify to the commission the names of the three candidates with the highest ranking on the eligibility list and permits the commission to select one of the three to fill the position. See *State ex rel. Fraternal Order of Police, Captain John C. Post Lodge No. 44 v. Dayton* (1977), 49 Ohio St.2d 219, 3 O.O.3d 360, 361 N.E.2d 428. Since this charter provision conflicts with R.C. 124.44's requirement that the appointing officer appoint the person certified as having received the highest rating, the charter provision supersedes R.C. 124.44. *State ex rel. Lightfield, supra.* Contrary to Meyers's contentions on appeal, the charter provision is not ambiguous and the evidence introduced in the court of appeals does not indicate that respondents had engaged in a "consistent pattern * * * of ignoring the Charter's 'rule of three.' "

Meyers additionally contends that the charter provision does not prevail over R.C. 124.44 because the 1987–1990 collective bargaining agreement between Columbus and the Fraternal Order of Police, Capital City Lodge No. 9 provided in Section 2.3(A), Article 2 that the agreement "shall be subject to all applicable law(s)." In the instant case, the collective bargaining agreement is not subject to R.C. 124.44, since the charter's "rule of three" constitutes the "applicable law," superseding R.C. 124.44.

The court of appeals thus correctly determined that the city charter controlled and that Meyers's claim for a writ of mandamus was meritless:

"Pursuant to the city charter, the appointing authority could have chosen any of the top three eligible candidates to the position of police sergeant. Thus, even assuming that relator had placed the highest on the eligibility list, the appointing authority would not have been under a duty to appoint relator to the position he sought. Accordingly, the most relator can show is a right to be considered for appointment on the eligibility list; he cannot, however, demonstrate a right to the appointment itself. In sum, it was within the discretion of the appointing authority to determine, as it did, whether or not to appoint relator from the list of eligible candidates, and relator is unable to show in the instant case that he would have been appointed earlier."

Meyers failed to establish a clear legal right to be appointed to the position of police sergeant at an earlier date. As a result, Meyers's remaining proposition, challenging the validity of the oral portion of the 1990 competitive promotional examination, is moot, and he is not entitled to extraordinary relief. Accordingly, the judgment of the court of appeals is affirmed.

*Judgment affirmed.*

MOYER, C.J., DOUGLAS, WRIGHT, RESNICK, F.E. SWEENEY, PFEIFER and COOK, JJ., concur.