HARA, APPELLANT AND CROSS-APPELLEE, *v.* MONTGOMERY COUNTY JOINT VOCATIONAL SCHOOL DISTRICT, APPELLEE AND CROSS-APPELLANT.

[Cite as *Hara v. Montgomery Cty. Joint Vocational School Dist.* (1996), 75 Ohio St.3d 60.]

(Nos. 94–2684 and 95–49—Submitted January 9, 1996—Decided March 4, 1996.)

*Schnorf & Schnorf Co., L.P.A.,* and *Christopher F. Parker,* for appellant and cross-appellee.

*Young, Pryor, Lynn & Jerardi* and *Larry A. Smith,* for appellee and cross-appellant.

WRIGHT, J.  The central issue in this case is whether the supplemental contract between Hara and the board was automatically renewed under former R.C. 3319.11 for a period of five years or for a period of one year from the time she received her continuing contract (1975).[1]  The court of appeals held that the initial automatic renewal of the supplemental contract (from the time Hara and the board entered into a continuing contract) was for a five-year term.  The court of appeals also held that the supplemental contract was automatically renewed for a term of one year in each subsequent year until the board notified Hara in writing that her supplemental contract was not being renewed.  We agree in part

---

1.  Effective July 1, 1989, supplemental written contracts were excluded from the automatic renewal provisions of R.C. 3319.11.  R.C. 3319.11(I), 142 Ohio Laws, Part II, 3363.

and reverse only that portion of the opinion of the court of appeals that held that the initial renewal of the supplemental contract was for a term of five years. We affirm that portion of the court of appeals' opinion that upheld the trial court's application of the doctrine of laches.

The statutory framework which we are called upon to interpret is cloudy at best. Very little of the language of R.C. Chapter 3319 explicitly addresses supplemental contracts between teachers and boards of education. Consequently, we have looked for guidance wherever limited contracts are discussed in the statute because supplemental contracts are a subset of limited contracts. R.C. 3319.08.

This case arose because the board granted Hara a continuing contract for the 1975–1976 school year without reducing Hara's hitherto accompanying supplemental contract to writing.[2] Even so, "the failure of such parties to execute a written contract shall not void" the accompanying contract. R.C. 3319.08. Accordingly, we find that under former R.C. 3319.11, Hara's supplemental contract was automatically renewed for the succeeding year under the same terms and conditions as the previous supplemental contract. *Tate v. Westerville City Bd. of Edn.* (1983), 4 Ohio St.3d 206, 4 OBR 524, 448 N.E.2d 144, syllabus. We further find that her supplemental contract was automatically renewed at the end of each contract for the succeeding year until April 1988 when Hara was notified in writing that her supplemental contract was not being renewed.

During the term of the first unwritten supplemental contract (1975–1976), Hara worked and was paid for thirty days of extended service. For the next five years, she worked and was paid for fifty-five days of extended service.[3] Thus, though the contract was not in writing and therefore not in compliance with statutory law, both parties complied with the terms of the contract as they understood them through the 1980–1981 school year.

In the spring of 1981, the board decreased Hara's supplemental contract to forty days. It effected this contract modification without providing written notice to Hara as required by R.C. 3319.08. Hara's pay was reduced accordingly and she reduced her work days accordingly, but her acquiesence in this improper modification is beside the point. The board attempted to decrease Hara's salary and duties without complying with the statutory requirements. Such reductions are specifically forbidden by the statute; accordingly, the attempted modification

---

2. There is no dispute about the continuing contract. Both Hara and the board have continued to perform under the terms of the continuing contract.

3. This change in the supplemental contract was effected without a writing.

was without effect and each of the subsequent supplemental contracts was for fifty-five days of extended service. R.C. 3319.08.[4]

We turn now to the doctrine of laches, which the board asserts as an affirmative defense. Whether the four elements of laches are applicable is ultimately a factual determination. See *State ex rel. Polo v. Cuyahoga Cty. Bd. of Elections* (1995), 74 Ohio St.3d 143, 656 N.E.2d 1277; *State ex rel. Meyers v. Columbus* (1995), 71 Ohio St.3d 603, 646 N.E.2d 173; *State ex rel. Cater v. N. Olmsted* (1994), 69 Ohio St.3d 315, 631 N.E.2d 1048; *Stevens v. Natl. City Bank* (1989), 45 Ohio St.3d 276, 285, 544 N.E.2d 612, 620–621. Both fact finders, the referee and the trial court, found laches to be applicable. Their findings were affirmed by the court of appeals. We find no facts in the record that justify overturning that decision.

We affirm in part and reverse in part and remand this cause to the trial court for a recomputation of the award of back pay in accordance with this decision.

*Judgment affirmed in part,*
*reversed in part*
*and cause remanded.*

MOYER, C.J., DOUGLAS, RESNICK, F.E. SWEENEY, PFEIFER and COOK, JJ., concur.

---

4. It is also immaterial that Hara accepted the earlier modification that increased the days of work governed by the supplemental contract. R.C. 3319.08 provides that duties and compensation may be increased during the term of a contract; they may not, however, be diminished.