DECISION
Reynoldsburg City School District Board of Education ("the board"), defendant-appellant, appeals a December 11, 1998 judgment of the Franklin County Municipal Court granting judgment in favor of Connie Gillenwater, plaintiff-appellee, in the amount of $1,300.
Appellee is an eighth-grade teacher at the Reynoldsburg Junior High School. In addition to her regular teaching duties, appellee had served as an Intervention Coordinator since approximately the 1987-1988 school year. Appellee and the board never entered into a written contract for appellee's position as an Intervention Coordinator, although a written contract was executed regarding appellee's regular teaching duties. Previous to the 1992-1993 school year, appellee had not been compensated for performing her duties as an Intervention Coordinator. At some point near the beginning of the 1992-1993 school year, however, appellee was offered an additional $2,000 in compensation for her services as an Intervention Coordinator for the 1992-1993 school year. In June 1993, appellee filed a supplemental pay form with the board for $2,000, and she was subsequently paid $2,000 for the services she provided as Intervention Coordinator. The source of the additional compensation was the Juvenile Justice and Delinquency Prevention Grant, which was awarded to the board by the Alliance for Cooperative Justice.
Appellee continued to serve as an Intervention Coordinator during the 1993-1994 school year. In March 1994, appellee filed another supplemental pay form for $2,000 for the 1993-1994 school year but did not immediately receive payment from the board. In the fall of 1994, appellee contacted the principals of the Reynoldsburg High School and Junior High School regarding her payment as Intervention Coordinator for the 1993-1994 year. Appellee was instructed to submit another form to the board requesting $700. Appellee subsequently received $700 for her services during the 1993-1994 school year. Shortly thereafter, appellee then submitted a supplemental pay form to the board requesting payment of $1,300, which represents the balance of the $2,000 to which she claimed she was entitled. The board refused to pay appellee the $1,300 as requested.
On October 2, 1997, appellee filed an action for breach of an implied or oral contract. On December 5, 1997, the board moved to dismiss the complaint for failure to state a claim upon which relief can be granted, which was denied by the trial court on January 23, 1998. The case was heard on May 7, 1998, and appellee was the only witness who testified for either party. Following the trial, both parties filed posttrial briefs. Appellee attached certain documents to her posttrial brief, which had been provided to her by the board through discovery. The documents included a grant proposal relating to the juvenile justice program for fiscal year 1992, copies of official board of education minutes showing board approval of this grant and others, and a copy of a cover letter from appellant's counsel to appellee's counsel sent during discovery. The board filed a motion to strike the additional evidence from consideration, and appellee filed a motion to reopen the trial to allow the documents to be used as evidence. On July 15, 1998, the trial court granted appellee's motion to reopen her case and denied the board's motion to strike.
On November 6, 1998, the trial was reopened for the admission of additional evidence, during which several documents were admitted but neither party presented any additional witness testimony. On December 11, 1998, the trial court filed a decision and entry granting judgment in favor of appellee for $1,300. The board appeals this judgment and assigns the following errors:
Assignment of Error No. 1:
 The trial court erred as a matter of law by holding that, during the 1992-93 school year, a supplemental contact existed between Defendant-Appellant and Plaintiff-Appellee pursuant to O.R.C. § 3319.08.
Assignment of Error No. 2:
 The trial court erred as a matter of law by holding that the supplemental contract which existed during the 1992-93 school year was automatically renewed for the 1993-94 school year by operation of O.R.C. § 3319.11.
Assignment of Error No. 3:
 The trial court abused its discretion by reopening the trial to take additional evidence after Plaintiff-Appellee had rested her case.
We shall address the board's third assignment of error first. The board argues in its third assignment of error that the trial court abused its discretion by reopening the trial to take additional evidence after appellee had rested her case. Pursuant to a motion filed by appellee after the trial had concluded, the trial court reopened the case and allowed further evidence to be submitted, including a copy of a grant proposal relating to the juvenile justice program for fiscal year 1992 and a copy of official board of education minutes showing board approval of this grant and others, which were sent to appellee during discovery.
The order of proceedings at trial is prescribed by statute. See R.C. 2945.10. Generally speaking, the decision to vary the order of proceedings at trial, including the decision to allow a party to reopen its case to offer additional proof, is a matter within the trial court's sound discretion and will not be disturbed on appeal absent a showing of abuse. Columbus v. Grant (1981), 1 Ohio App.3d 96; State v. Bayless (1976), 48 Ohio St.2d 73. In Muzzillo v. Bozza (Dec. 23, 1981), Van Wert App. No. 15-81-1, unreported, the court found that:
 "Generally, it is within the sound discretion of a trial court, in the interests of justice, to permit either party to reopen the case and introduce further evidence, although all parties have rested. * * *"
 Such a rule is particularly applicable to a trial court where considerations involving recall of a jury are not present. The question narrows then to whether there was an abuse of discretion by the trial court under the specific circumstances here present.
Id. (quoting In re Adoption of Earhart (1961), 117 Ohio App. 73,75). An abuse of discretion implies an attitude on the court's part that is unreasonable, arbitrary, or unconscionable. State v. Adams (1980), 62 Ohio St.2d 151.
Our review of the record in the present case indicates that appellee moved to reopen the trial for the presentation of new evidence that was attached to her posttrial brief. This evidence included a copy of a grant proposal relating to the juvenile justice program for fiscal year 1992 and copies of official board of education minutes showing board approval of this grant and others. The central issue before the trial court was whether a contract existed between the parties. The additional evidence did not prejudice appellant, but served merely to further illustrate whether, indeed, a contract existed. Further, there were no jury considerations since this was a bench trial. The trial court did not act unreasonably, arbitrarily, or unconscionably, prior to entering judgment, in reopening the case to receive new evidence. Allowing the parties to reopen this case ensured that both parties were able to present evidence on all relevant issues and fully develop the facts in the case before the trial court made its decision. Further, both parties were given the opportunity to present further evidence on the issue. The trial court's decision to allow the parties to reopen the case served the interests of justice and was a sound exercise of the trial court's discretion. Therefore, appellant's third assignment of error is overruled.
We will address the board's first and second assignments of error together because they both relate to the ultimate issue as to whether appellee was entitled to payment for her duties during the 1993-1994 school year. The board argues in its first assignment of error that the trial court erred in finding that during the 1992-1993 school year a supplemental contract existed between appellee and the board pursuant to R.C. 3319.08. The board argues in its second assignment of error that the trial court erred in holding that the supplemental contact that existed during the 1992-1993 school year was automatically renewed for the 1993-1994 school year by operation of R.C. 3319.11.
R.C. 3319.08 provides, in pertinent part:
 The board of education of each city, exempted village, local, and joint vocational school district and the governing board of each educational service center shall enter into written contracts for the employment and reemployment of all teachers. * * *
However, despite this preference for written contracts, R.C. 3319.08 permits the creation of an unwritten employment contract under certain circumstances:
 If a board adopts a motion or resolution to employ a teacher under a limited or continuing contract and the teacher accepts such employment, the failure of such parties to execute a written contract shall not void such employment contract.
Thus, even if the teacher and the board fail to execute a written contract for supplemental duties, such agreement will not be void if the board adopts a resolution to employ the teacher under the supplemental contract and that teacher accepts such employment. See Hara v. Montgomery Cty. Joint Vocational School Dist. (1996),75 Ohio St.3d 60, 63.
The trial court found that appellee's supplemental contract for 1992-1993 was automatically renewed for the 1993-1994 school year because the board gave no notice of nonrenewal pursuant to R.C. 3319.11. However, both parties now agree that the trial court improperly relied upon R.C. 3319.11. Effective July 1, 1989, supplemental written contracts were excluded from the automatic renewal provisions of R.C. 3319.11. See Hara, at 62, fn. 1. Therefore, in the present case, even assuming arguendo that a supplemental contract existed for the 1992-1993 school year, the provisions of R.C. 3319.11 prohibit the automatic renewal of the contract for the 1993-1994 school year.
Despite the trial court's improper reliance upon R.C.3319.11, we find that, under the circumstances of this case, a contract existed between the board and appellee for the 1993-1994 school year. In order for there to be an enforceable unwritten contract, R.C. 3319.08 requires that there be some board action and that the teacher accepts the employment. Clearly, in the present case, appellee accepted employment for the 1993-1994 school year as an Intervention Coordinator. Appellee fully performed her duties as coordinator during the 1993-1994 school year. Further, appellee performed her duties with the reasonable expectation that she would be paid $2,000 because she knew that the board had again accepted the juvenile justice grant for the 1993-1994 school year. Indeed, she was eventually paid $700 of the $2,000 when she requested payment for the 1993-1994 school year.
In addition, we find that, under the circumstances of this case, there was sufficient board action to employ appellee for the 1993-1994 school year. In 1992-1993, the board approved the juvenile justice grant, which was based on the grant proposal and Intervention Assistance project summary. The project summary included the following budget allowance:
PERSONNEL
Position #1
 2 unnamed teachers will guide and direct the Intervention Assistance Teams in their schools providing leadership for an additional 5-6 teachers in the junior high school * * *.
NARRATIVE
 Each teacher will invest 5 hours/week, 180 hours @ $11.11[;] $2,000 x 2 = $4,000.
For the 1993-1994 school year, the board again approved the juvenile justice grant. The record does not include a budget summary for the 1993-1994 school year, and neither party indicates that a formal summary existed as to how the funds from the juvenile justice grant were to be expended for the 1993-1994 school year. Because we are limited in making a determination based on what is included in the record before us, we must assume the grant money for the 1993-1994 year was intended by the board to be expended in a similar manner as was in 1992-1993. This conclusion is buttressed by the fact that the grant amounts for both the 1992-1993 and 1993-1994 school years were similar in total amount. There was no evidence indicating that the grant for 1993-1994 was to be spent in any other way than what was contained in the 1992-1993 project summary, which formed the basis for gaining approval of the original grant and setting the budget allowances. We find that, under the circumstances of this case, the board's approval of the 1993-1994 grant provided sufficient board action to indicate that it intended to again employ appellee for the 1993-1994 school year as an Intervention Coordinator, just as it had employed her upon approval of the 1992-1993 grant. Therefore, we find that there existed a contract between the board and appellee for the payment of $2,000 for the work performed by appellee as Intervention Coordinator for the 1993-1994 school year. Because appellee has already received $700, she is entitled to the $1,300 balance. Appellant's first and second assignments of error are overruled.
Accordingly, appellant's assignments of error are overruled, and the judgment of the Franklin County Municipal Court is affirmed.
Judgment affirmed.
TYACK and KENNEDY, JJ., concur.