This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
{¶ 1} Appellant, Linda Perina Harmon-Butts, appeals the decision of the Medina County Court of Common Pleas, Probate Division, which granted summary judgment to Appellee, Donna M. Zoloty, Executrix of the Estate of Andrew J. Perina. We reverse and remand for further proceedings consistent with this opinion.
 I.
{¶ 2} The underlying facts of this appeal are not disputed. Andrew J. Perina ("Andrew") died testate on February 3, 1991. He had executed his will in 1990, and the will named his wife, Agnes Perina ("Agnes"), as sole beneficiary. Agnes was appointed executrix on May 15, 1991, and Andrew's will was admitted into probate. Appellant is Andrew's daughter from a previous marriage. The parties do not dispute that Appellant was not served with notice of the probate of Andrew's will, as required by R.C. 2107.19; however, Appellant admits having actual knowledge of Andrew's death since February 1991.
{¶ 3} In March, 2000, Agnes died, and Zoloty was appointed executrix of her estate. On August 14, 2000, Appellant filed a claim against Agnes' estate for property received by Agnes from Andrew's estate. On the same day, Appellant filed a complaint in the Medina County Court of Common Pleas, Probate Division, to contest Andrew's will. She alleged that the execution of Andrew's will was procured or caused by the undue influence or fraud of Agnes, or by the undue influence of Agnes over Andrew. Appellant further alleged that Andrew lacked testamentary capacity at the time the will was executed.
{¶ 4} On January 30, 2001, Zoloty filed a motion for summary judgment, arguing that Appellant's claims were barred by the doctrine of laches. She further asserted that there were no genuine issues of material fact and that she was entitled to judgment as a matter of law concerning Appellant's claim that Andrew lacked testamentary capacity and that the execution of his will was procured by fraud, duress, or undue influence. Appellant filed a brief in opposition. On August 15, 2002, the trial court granted Zoloty's motion for summary judgment, finding that Appellant's claims were barred by the doctrine of laches. This appeal followed.
 II. Assignment of Error "The trial court erred in granting summary judgment in favor of defendant-appellee."
{¶ 5} In her sole assignment of error, Appellant challenges the trial court's decision to grant summary judgment to Zoloty. Appellant argues that the trial court erred when it determined that her will contest action was barred by the doctrine of laches. She asserts that Zoloty cannot demonstrate any of the elements required for asserting the equitable doctrine of laches. This Court agrees that summary judgment was improper.
{¶ 6} We begin by noting that an appellate court reviews an award of summary judgment de novo. Grafton v. Ohio Edison Co. (1996),77 Ohio St.3d 102, 105. We apply the same standard as the trial court, viewing the facts in the case in the light most favorable to the non-moving party and resolving any doubt in favor of the non-moving party. Viock v. Stowe-Woodward Co. (1983), 13 Ohio App.3d 7, 12.
{¶ 7} Pursuant to Civil Rule 56(C), summary judgment is proper if:
 "(1) No genuine issue as to any material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the party against whom the motion for summary judgment is made, that conclusion is adverse to that party." Temple v. Wean United, Inc.
(1977), 50 Ohio St.2d 317, 327.
{¶ 8} To prevail on a motion for summary judgment, the party moving for summary judgment bears the initial burden of informing the trial court of the basis for the motion and pointing to parts of the record that show the absence of a genuine issue of material fact. Dresherv. Burt (1996), 75 Ohio St.3d 280, 293-294. Only after the movant satisfies this initial burden, must the nonmoving party then present evidence that some issue of material fact remains for the trial court to resolve. Id.
{¶ 9} The doctrine of laches is an equitable doctrine, defined as "an omission to assert a right for an unreasonable and unexplained length of time, under circumstances prejudicial to the adverse party." Conninv. Bailey (1984), 15 Ohio St.3d 34, 35. The party invoking the doctrine must show: (1) an unreasonable delay or lapse of time in asserting a right; (2) the absence of an excuse for the delay; (3) either actual or constructive knowledge of the injury or wrong; and (4) prejudice to the other party. State ex rel. Meyers v. Columbus (1995), 71 Ohio St.3d 603,605. See, also, Boyko v. Pries (Feb. 14, 2001), 9th Dist. No. 3093-M, at 4. Material prejudice will not be inferred solely from a lapse of time.State ex rel. Caspar v. Dayton (1990), 53 Ohio St.3d 16, 20.
{¶ 10} In her motion for summary judgment, Zoloty asserted that Appellant's will contest claim was barred by the doctrine of laches. Zoloty argued that Appellant had knowledge of her father's death in February 1991, yet waited until 2000 to assert the claim; that such a delay was unreasonable; that Appellant had no justification for the nine-year delay; and finally, that her failure to timely assert the claim has caused material prejudice to Zoloty. In support of her motion, Zoloty relied upon the trial court's docket and journal entries and Appellant's responses to Zoloty's interrogatories. However, Zoloty fails to provide evidence of the kind listed in Civ.R. 56 to adequately support her claim that this action is barred by the doctrine of laches. Instead, Zoloty submitted answers to interrogatories, which address little more than how Appellant discovered that Andrew and Agnes had passed away. Zoloty presented no evidence to support her claim that Appellant lacked an excuse for the delay. Similarly, Zoloty presented no evidence to substantiate her claim that the delay caused material prejudice. Without any evidence to substantiate the elements necessary to her argument that Appellant's claim is barred by the doctrine of laches, Zoloty has not met herDresher burden, and summary judgment was therefore improperly granted.
{¶ 11} Appellant's assignment of error is sustained to the extent that summary judgment was improperly granted.
 III.
{¶ 12} Having sustained Appellant's assignment of error, we reverse the decision of the Medina County Court of Common Pleas, Probate Division, and remand the cause for further proceedings consistent with this opnion.
SLABY, P.J. and CARR, J. CONCUR.