OPINION
{¶ 1} This is an appeal from an order of the domestic relations division of the court of common pleas denying an obligee's request for unpaid child support.
 {¶ 2} Bette Atwater and Frederick King were married in 1956. Two children were born of the marriage; one in 1957 and the other in 1958.
 {¶ 3} Atwater and King were divorced in 1962. Atwater was granted custody of their two children. King was ordered to pay child support in the amount of $117.10 per month. Both parties subsequently remarried.
 {¶ 4} King was in the military when the parties were divorced. His child support obligation was paid by direct allotment through March of 1963, when his military rank changed. King paid the same amount by personal check for some time thereafter. The number and amount of those payments is in dispute.
 {¶ 5} In 2000, the Greene County Child Support Enforcement Agency moved to determine the possible emancipation of the parties' two children. It is undisputed that they were emancipated in 1975 and 1976, respectively. In due course, a further issue arose whether King owed Atwater any unpaid child support. The matter was referred to a magistrate.
 {¶ 6} Atwater claimed that she received no support payments from King after 1963. King claimed that he made payments until 1971, in amounts greater than his support obligation required. He made these greater payments to exhaust his obligation early, according to King, and had calculated that they were paid in full in 1971. King said that he sent the checks to Atwater's parents, who were uncooperative in telling him where Atwater and their children were living. King stated that all his check were cashed.
 {¶ 7} The magistrate found that King had made payments until 1971, but in amounts no more than he was required to pay, and had paid nothing after that. In consequence, King owes Atwater $11,827.10 in unpaid child support. The magistrate found, however, that Atwater's claim for unpaid support is barred by laches.
 {¶ 8} The parties each filed objections to the magistrate's decision. Both disagreed with the magistrate's findings concerning the amount of support King had paid. Atwater further objected to the application of laches. She argued that King failed to show that he was sufficiently prejudiced by a current requirement to pay the $11,827.10 the magistrate found that he owes.
 {¶ 9} The trial court overruled both parties' objections. Atwater filed a timely notice of appeal. She presents two assignments of error, which we shall consider in reverse order.
 Second Assignment of Error {¶ 10} "The trial court's finding that defendant has paid his child support in full through June 1971 is against the manifest weight of the evidence."
 {¶ 11} We determine manifest weight of the evidence claims on an abuse of discretion standard. "The term `abuse of discretion' connotes more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable." Blakemore v.Blakemore, (1983), 5 Ohio St.3d 217, 219.
 {¶ 12} It is well-settled that judgments which are supported by some competent, credible evidence going to the essential elements of the claim or defense involved will not be reversed by a reviewing court on appeal as against the manifest weight of the evidence. C.E. Morris Co. v.Foley Construction Co. (1978), 54 Ohio St.2d 279.
 {¶ 13} Atwater argues that the trial court's finding that King's support obligation through 1971 was satisfied is against the manifest weight of the evidence because King was unable to offer proof that he made any payments at all. King claimed that such proof, including cancelled checks, is now unavailable.
 {¶ 14} We concede a measure of skepticism about King's claim especially as he testified that he actually paid more that he was required to pay until 1971, a claim the magistrate rejected. The magistrate nevertheless found that King paid what he was required to pay until 1971. Such findings have an air of "splitting the difference" when parties present conflicting and unsupported claims.
 {¶ 15} Nevertheless, the magistrate and the trial court could credit King's claim about the duration of his payments while finding against him with respect to the amount he said he paid. The magistrate and the court could likewise reject Atwater's contrary testimony that she received no child support after 1963. We cannot find these outcomes so unreasonable, arbitrary, or unconscionable as to constitute an abuse of discretion. Blakemore.
 {¶ 16} Disputes of this kind are now avoided by legislation adopted since these parties were divorced. All child support payments must now be made through a county agency, which maintains a permanent record of payments, and any payments made otherwise do not satisfy the obligation. See R.C. 2301.36(A). This matter demonstrates the value of that verification. However, the lack of verification or corroboration here does not demonstrate that the trial court's finding of fact concerning King's payments is against the manifest weight of the evidence.
 {¶ 17} The second assignment of error is overruled.
 First Assignment of Error {¶ 18} "The trial court erred in ruling that plaintiff's claim for back child support is barred by the doctrine of laches."
 {¶ 19} Laches is an equitable doctrine barring an action because of an unexcused delay that prejudices an adversary. The elements of laches are: (1) an unreasonable delay or lapse of time in asserting a right, (2) absence of an excuse for the delay, (3) knowledge, actual or constructive, of the injury involved, and (4) prejudice to the other party. State ex rel. Meyers v. Columbus (1995), 71 Ohio St.3d 603. The prejudice must be material, and it may not be inferred from a mere lapse of time. Wright v. Oliver (1988), 35 Ohio St.3d 10; State ex rel. Chavisv. Sycamore City School Dist. Bd. of Edn. (1994), 71 Ohio St.3d 26.
 {¶ 20} The magistrate reviewed the foregoing elements and found in King's favor on each. In her objections to the magistrate's decision, Atwater took issue with only the "prejudice" finding. We are therefore limited to any error in the magistrate's decision on that point, Civ.R. 53(E)(3(b), though it is evident to us that the magistrate's other three findings are warranted by the record.
 {¶ 21} King, who had been drafted into military service, was discharged in 1965. He became a federal civilian employee, and he eventually retired from the federal service in 1995. His federal retirement income is $35,000 annually. He receives an additional sum from his retirement from reserve service.
 {¶ 22} King testified that he has no present ability to pay Atwater the $11,827.10 the court found he owes her for unpaid child support. The magistrate found that Atwater's delay in asserting her claim until after King had retired caused King "great prejudice" because he would have had "a far greater opportunity" to pay the obligation before he retired, when his income was much higher.
 {¶ 23} Child support is ordered in a divorce decree in satisfaction of the non-custodial parent's statutory duty to support his or her minor children. R.C. 3103.03(A). If the obligor fails in that duty, another person may recover the reasonable value of the child's necessaries he or she provides. R.C. 3103.03(C). An amount of support the court orders an obligor to pay is presumed to constitute the child's "necessaries." Therefore, a support obligee is entitled to recover any court-ordered support the obligor failed to pay.
 {¶ 24} The doctrine of "laches" is a rule of estoppel which operates to bar an otherwise lawful claim when the person against whom it runs has changed his position in reasonable reliance on the words or conduct of the party who would enforce the claim. Implicit in the magistrate's stated reason for applying laches to bar Atwater's claim is a finding that King reasonably relied on the fact that Atwater had not sought to enforce her claim to accept a lower income when he retired, one that would make payment of the amount he owes more difficult to bear.
 {¶ 25} Many child support obligors enjoy an income less than Kings, yet are required to pay their obligation. Were we the fact-finder, we might find that King has the ability to satisfy his obligation by making small payments over time. We're not the fact-finder, however; the trial court is. Our role is to determine whether the court's adoption of its magistrate's decision applying the laches doctrine as it did is legally supportable.
 {¶ 26} On this record, we cannot find that the trial court abused its discretion when it found that Atwater's claim for $11,827.10 is barred by laches. According to her own testimony, Atwater allowed King to avoid his obligation from 1963 until she filed the present post-decree action in 2000, a period of thirty-seven years. She claimed that she was unaware of where he was, so she couldn't enforce her right. However, King was in the federal service until 1995, and with some diligent effort he might have been found.
 {¶ 27} Atwater eventually prosecuted her claim, but only after the child support enforcement agency acted to clear the case from its docket by asking the court to find that the parties' grown children were emancipated. Atwater was then presented with an opportunity to collect the unpaid support she was owed, but which she had not made diligent efforts to collect earlier. It was the trial court's task to find that, on this record, requiring King to pay the obligation now would create a hardship and the resulting prejudice that laches requires.
 {¶ 28} The trial court's finding that laches should bar Atwater's claim is a fact-sensitive determination. The court could reasonably conclude that to require King to pay Atwater's claims was prejudicial because his reduced retirement income makes it a hardship to pay any amount, as King had testified. Also, the court might have found that King was prejudiced because records that would allow him to prove the payments he said he made are no longer available due to Atwater's failure to prosecute her claim in a timely manner.
 {¶ 29} The first assignment of error is overruled.
 Conclusion {¶ 30} Having overruled the assignments of error presented, we will affirm the judgment from which this appeal was taken.
FAIN, J. and YOUNG, J., concur.